[S. F. No. 741.   Department Two.—Dec. 19, 1898.]

THOMAS McCALL, Respondent, v. PACIFIC MAIL STEAM-
SHIP COMPANY et al., Appellants.

NEGLIGENCE—LIABILITY OF PRINCIPAL TO SERVANT OF CONTRACTOR—INSUF-
FICIENT APPLIANCES.—A principal who agrees to furnish to a contrac-
tor material, machinery, or appliances, which the contractor
is to use in the performance of his task, is liable to any servant
or agent of the contractor for injury resulting to such servant
or agent from his negligence, or inadequate performance of his
contract, in not providing proper material, machinery, or appli-
ances.

ID.—LIABILITY OF CONTRACTOR—SELECTION OF MATERIALS—PRESUMPTION.
A contractor can be held liable to his employee for injury result-
ing from defective materials furnished by the principal only
when he has the right of selecting or rejecting materials so
furnished.  He will be presumed to have the right of selection
and control unless by the terms of the contract such right is
reserved to the principal.

ID.—TACKLE FURNISHED AT REQUEST OF STEVEDORE—INJURY TO STEVE-
DORE'S SERVANT—LIABILITY OF OWNERS OF VESSEL.—The full extent
of the liability of the owners of a vessel who contract with a
stevedore to load and unload a vessel, to whom they furnish
tackle on his requisition and subject to his selection, for injury
resulting therefrom to a servant of the stevedore, is that the
stevedore employed shall be one of experience and good repute,
and that the tackle so furnished and selected should be appar-
ently good, and satisfactory to the stevedore, and such as is
usually furnished for like purposes.

ID.—LATENT DEFECT IN SLING FURNISHED—ORDINARY CARE—NEGLIGENCE
NOT IMPUTABLE.—Where the injury to the servant of the stevedore
resulted from a latent defect in a sling which constituted part
of the hoisting apparatus, which defect was not discernible
either by the owners of the vessel who supplied it, or by the
stevedore and his employees who had the right of selection and
rejection of the sling, if the manner of examination was that
usually adopted, and ordinary care was used to avoid accident
in its selection, no negligence or liability for the resulting injury
is imputable either to the owners of the vessel, or to the steve-
dore contracted with to load and unload the vessel.

APPEALS from a judgment of the Superior Court of the
city and county of San Francisco and from an order denying
a new trial.   John Hunt, Judge.

The facts are stated in the opinion of the court.

T. C. Coogan, for Appellant Pacific Mail Steamship Company.

Van Ness & Redman, for Appellant Henry Bingham.

Reddy, Campbell & Metson, for Respondent.

HENSHAW, J.—The Pacific Mail Steamship Company and Henry Bingham had contracted, the latter to load and discharge the cargoes of the company's ships, the former to furnish the power and appliances necessary for the work. Pursuant to their contract, Bingham was loading flour on one of the company's vessels, when a sling in which the flour was hoisted on to and lowered into the ship gave way, and plaintiff, who was stowing cargo in the hold, was severely injured by falling sacks. Plaintiff was a stevedore in the employ of Bingham. He sued Bingham and the company jointly, and obtained a judgment against both. They prosecute separate appeals from the judgment, and from the order denying a new trial.

In accordance with the contract the steamship company had furnished Bingham's employees (Bingham not being personally present) with six slings to be used in hoisting the cargo. Upon receiving the slings Bingham's men, according to their habit, examined them, and, rejecting two as defective, accepted four as fit for use. It was one of these four slings so accepted, which, breaking, caused plaintiff's injuries. The cause of the break was a latent defect in the rope attached to the sling. This rope, while sound to superficial observation, was for a foot or more of its length affected by a dry rot, which greatly impaired its strength. Bingham had absolute control over his employees and over the conduct of the work.

It is contended on behalf of the appellant, the Pacific Mail Steamship Company, that these facts exonerate it from liability to the plaintiff in this action; that, even if it failed to exercise the due amount of care in the selection and furnishing of appliances, it was a breach only of its contract with Bingham; that there was no contractual privity between it and this plaintiff, and no duty owing by it to plaintiff, since between it and plaintiff the relation of employer and employee did not exist. But the rule is too firmly settled to be open

to successful attack, that where one agrees to furnish to a contractor material or appliances which he is to use in the performance of his task the principal is liable to the servants and agents of the contractor for injuries which may result to them from his negligence or inadequate performance of his contract in this regard. The liability is not based upon the relationship of employer and employee, but it is considered by some courts that the contract is made with the contractor for the benefit of his employees, who have, therefore, their right to a recovery for any breach of it which results in their injury. By other courts the contractor is considered to be the dependent agent of his employer in these respects, and the doctrine of respondeat superior is brought into application. By still others it is placed upon the ground of the failure of the principal to exercise the ordinary care which is due to everybody, without regard to contract, under the principles announced in sections 1708, 1714 and 3281 of the Civil Code, and this seems to be the true reason for the rule. But, however that may be, the principle itself is settled beyond the possibility of successful controversy. Mechem on Agency, section 666, thus declares the doctrine: "If the principal was by the terms of the contract under obligations to the contractor to furnish the necessary machinery or appliances, or to supply a portion of the labor, he would be liable to the servant or agent of the contractor for an injury sustained by reason of his neglect to use due and reasonable care in selecting and supplying the proper machinery or appliances." In further support of the principle may be cited the cases of *Mulchey v. Religious Soc.*, 125 Mass. 487; *Lee v. Southern Pac. R. R. Co.*, 116 Cal. 97; *McKenna v. The Carolina*, 30 Fed. Rep. 199; *Coghlan v. The Rheola*, 19 Fed. Rep. 926; *Hamilton v. The Wm. Bramfort*, 48 Fed. Rep. 914; *Roddy v. Missouri R. R. Co.*, 104 Mo. 234; *Steel v. McNiel*, 60 Fed. Rep. 105; *Lake Superior Iron Co. v. Erickson*, 39 Mich. 492; *Kelley v. Howell*, 41 Ohio St. 438; *Coughtry v. Globe Co.*, 56 N. Y. 124.

Upon behalf of appellant Bingham it is first insisted that under the contract shown, if liability attaches to anyone for the injury sustained by plaintiff, it is to the steamship company, and not to himself, or that, if liability attaches to him,

it does not to the steamship company, and that there is a mis-joinder of parties defendant. This gives rise to a question whose determination, though far from unimportant, we think unnecessary in this consideration; but upon it this much may be said: It has been pointed out in *Callan v. Bull*, 113 Cal. 593, that a contractor can be held liable by his employees for in-jury resulting from the use of defective materials in the work only when he has the right of selecting the materials. "If he is to perform the contract with only such materials as may have been previously selected and furnished by his employer, he cannot be held liable for any defect in such materials. These principles are, however, subject to the rule that this right of selection and control is to be determined by the terms of the contract of employment, and that, unless by the contract this right is reserved to the employer, the contractor will be pre-sumed to have the right of selection and control." Applying this well-settled principle to the contract in the case at bar, if it was the duty of the steamship company to furnish these appliances, and the corresponding duty of the contractor to use the appliances furnished without discretion as to their fitness or suitability, then, for the reasons which we have been consid-ering, there would be no joint liability, and the steamship com-pany alone would be responsible, the contractor being consid-ered in this regard as its dependent agent, or the employee of the stevedore being held to have the right to complain of the steam-ship company for any tort upon himself or his property occa-sioned by the company's negligent performance of its contract, or, finally, the steamship company being held liable for the breach of an obligation imposed by law, that of exercising due care to prevent injury to the person or property of another in the management of its affairs. But if, however, a discretion was left to the contractor, Bingham, and, while the steamship company was obliged to furnish suitable appliances, Bingham reserved the right of examination and rejection, and of com-pelling the company to supply proper appliances, then clearly Bingham would not be exonerated from liability to his em-ployees for his failure to exercise due care in this respect. (*Du-Pratt v. Lick*, 38 Cal. 692.) It appears from the evidence that the construction put upon the contract by the parties to it gave

to Bingham the right of selection and rejection, and that in the case of these slings such right was actually exercised. In this respect, then, the case would be very similar to that of *Riley v. State Line S.S.Co.*,29 La.Ann. 791. The steamship company had hired an experienced stevedore under a contract to load and unload its vessel. He had full control of the work,and employed and absolutely controlled his own laborers. The vessel, as in this case, furnished the hoisting apparatus, which broke and killed one of the stevedore's employees. In an action against the steamship company for damages it was insisted that, as the vessel under its contract was to furnish and did furnish the hoisting apparatus, the company was responsible for any loss or damage resulting from its defects, and that in point of fact it was old, worn out, and unfit for use. The court say: "In a case like this, we think the utmost extent of the liability of the company would be that they should employ a stevedore of experience and good repute, and that the tackle furnished on his requisition should be apparently good, satisfactory to the stevedore, and such as is usually furnished for like purposes." (See, also, the cases of *Power v. Benbrack*, 33 Fed. Rep. 687; *Dewey v. The Dajo*, 31 Fed. Rep. 574; *King v. New York Cent. R. R.*, 66 N. Y. 181; *Roddy v. Missouri Pac. Ry. Co., supra*.)

But, without pursuing this inquiry further, we are satisfied that the judgment must be reversed for a total failure of the evidence to show negligence upon the part of either of the defendants. By all the testimony in the case the slings were examined by competent and experienced stevedores in Bingham's employ. The manner of examination was that usually adopted, and the care bestowed was that usually exercised by men in the like character of employment, and in the experience of those men was shown to be sufficient to avoid accident, though upon this last point some offered evidence was rejected which should have been admitted. Ordinary care, then, was exercised in the selection of the sling before it was put into use. It broke, as has been said, because of a latent defect not discernible under an examination conducted with ordinary care. These facts would entirely exonerate Bingham from responsibility, conceding that he was properly chargeable in this action, and these facts would also exonerate the steamship company, for it would matter not

whether it had or had not examined the slings before they were put into use, if in fact the slings were properly examined by competent persons and approved. An ordinary examination by the steamship company's agents would have disclosed no more than was disclosed by the examination made by the stevedores, and, for all that appears in the record, such an examination may have in fact been made (there is no proof to the contrary) before the slings were tendered to Bingham's men. And it is still to be remembered that the slings were merely tendered with the right of rejection to Bingham's men, which right was freely exercised without objection upon the part of the steamship company in this very case.

The judgment and order are therefore reversed, and the cause remanded.

Temple, J., and McFarland, J., concurred.

Hearing in Bank denied.