[L. A. No. 574.    Department Two.—October 20, 1899.]

OTIS GEORGE, a Minor, by JOHN SIMON GEORGE, His Guardian, Appellant, v. LOS ANGELES RAILWAY COMPANY, Respondent.

Trial—Instructions to Jury—Irrelevance.—Irrelevant instructions to the jury are not necessarily erroneous. It must appear that they, at least, tended to mislead the jury.

Negligence—Injury to Minor—Accidental Fall in Crossing Track—Playing with Trailer-cars—Instructions Relating to Passengers. Where a minor was injured by reason of an accidental fall upon a street railway track while running across it in front of a trailer-car, with which he and other boys were playing, and from which he jumped while it was moving, instructions that street railway companies are not bound to the same care to avoid injury to persons not passengers as to those who are such, and that plaintiff was not entitled to the rights of a passenger when injured, are incomplete in not setting forth defendant's liability to passengers; but are not misleading or prejudicial, where it appears that the jury were fully instructed as to the law applicable to the facts in the case.

Id.—Contributory Negligence of Minor under Fourteen—Going in Front of Moving Car—Question for Jury.—Where the plaintiff was nine years of age when so injured, it was proper to instruct the jury that there is no presumption of law that the plaintiff did not have capacity to understand that it was dangerous for him to go in front of a moving car, and that, unless the evidence shows that he did not have such capacity, contributory negligence on his part, if shown by the evidence, is a good defense to the action. It was proper to leave the question of contributory negligence to the jury, free from any presumption of plaintiff's incapacity, though under fourteen years of age.

Id.—Manner and Places of Leaving Trailer-cars—Question for Jury—Authority from City—Immaterial Question—Consistent Instructions.—An instruction to the jury that the manner and places of leaving the trailer-cars on the track were to be considered by them in determining the question of the defendant's negligence, is not inconsistent with or weakened by an instruction that the question whether trailer-cars were permitted to stand upon the track when not needed for carrying passengers was to be determined by the city authorities, and was an irrelevant and immaterial question in the case.

Id.—Obvious Danger—Security of Cars by Brakes—Attraction for Children—Inconsistent Instructions—Review upon Appeal.—An instruction for the defendant that, if the jury believed from the evidence that the danger connected with the trailer by which

plaintiff was injured was open to observation, and could be comprehended by a boy of average intelligence of plaintiff's age, and that the trailer when left on the track was secured by brakes of the ordinary kind, which held it stationary, unless the brakes were loosened, the plaintiff cannot recover, is correct; and the plaintiff cannot, upon appeal from a judgment for the defendant, complain that such instruction was inconsistent with a more favorable instruction given for the plaintiff, leaving it for the jury to determine whether the cars were of a dangerous nature, and likely to attract children for amusement and play.

ID.—SECURED TRAILER-CARS NOT DANGEROUS MACHINES—RULE IN TURNTABLE CASES NOT APPLICABLE.—Trailer-cars standing upon a track when not in use, and secured in place by ordinary brakes, are not "dangerous machines," within the meaning of the rule applied in certain turntable cases, the consequences of meddling with which are not supposed to be fully comprehended by infant minds; and the instruction given for the defendant in regard to plaintiff's comprehension of the obvious danger connected with a trailer so fastened, when the brakes were loosened, takes the case out of the class to which the turntable cases belong.

JURY TRIAL—GENERAL VERDICT—SPECIAL INTERROGATORIES—DISCRETION. Upon a trial by jury, the court is authorized to instruct the jury to find upon particular questions of fact to be stated in writing, if the jury render a general verdict. The court is not required thus to submit all of the issues; and it is matter resting in its discretion what special interrogatories shall be submitted to the jury.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. W. H. Clark, Judge.

The facts are stated in the opinion.

T. E. Gibbon, and J. H. Krimminger, for Appellant.

A new trial must be granted for conflicting instructions. (*Sappenfield v. Main Street etc. Ry. Co.*, 91 Cal. 48; *Haight v. Vallet*, 89 Cal. 245; 23 Am. St. Rep. 465; *Black v. Sprague*, 54 Cal. 266; *McCreery v. Everding*, 44 Cal. 246.) The irrelevant instructions in regard to passengers, which there was no evidence to sustain, were erroneous. (*Mendelsohn v. Anaheim etc. Co.*, 40 Cal. 657; cited in *Perkins v. Eckert*, 55 Cal. 405; *Shepherd v. Jones*, 71 Cal. 223. See, also, *Slaughter v. Fowler*, 44 Cal. 195; *Hanks v. Naglee*, 54 Cal. 51; 35 Am. Rep. 67; *Razzo v. Varni*, 81 Cal. 289.) Minors under the age of fourteen are

presumably without discretion and judgment. (1 Sharswood's Blackstone, 435-64; 4 Sharswood's Blackstone, 20; *Nagle v. Alleghany Valley R. R. Co.*, 88 Pa. St. 39; 32 Am. Rep. 413; *Rhodes v. Georgia R. R. Co.*, 84 Ga. 320; 20 Am. St. Rep. 362; *Tucker v. New York Cent. R. R. Co.*, 124 N. Y. 308; 21 Am. St. Rep. 670.) The case is within the principle of the turntable cases. (*Barrett v. Southern Pac. Co.*, 91 Cal. 296; *Peters v. Bowman,* 115 Cal. 350; 56 Am. St. Rep. 106.) The special issues were misleading, and were not sufficiently comprehensive. (*Phoenix Water Co. v. Fletcher*, 23 Cal. 481.)

Bicknell, Gibson & Trask, for Respondent.

The special interrogatories were within the discretion of the court (*American Co. v. Bradford*, 27 Cal. 361; *Smith v. Steamship Co.*, 99 Cal. 462, 472), and the answers to them showed that the defendant was entitled to the judgment. (*Sievers v. Peters Box etc. Co.*, 151 Ind. 642.) The jury could not have been misled by the interrogatories, if they followed the instructions, and it must be presumed that they did. (*Stanton v. French*, 91 Cal. 274; 25 Am. St. Rep. 174.) The rule in certain turntable cases is not applicable to this case. (*Kaumeier v. City Electric Ry. Co.*, 116 Mich. 306.) The instructions are to be construed together as a whole. (*Stephenson v. Southern Pac. Co.*, 102 Cal. 143.) The instructions for defendant were correct, and were as favorable for the plaintiff as the facts of the case warranted. A child, though under fourteen years of age, is responsible for the same degree of care that would ordinarily be expected from children of his age. (*Studer v. Southern Pac. Co.*, 121 Cal. 400; 66 Am. St. Rep. 39; *State v. Baltimore etc. R. R.*, 24 Md. 84; 87 Am. Dec. 600; *Collins v. South Boston R. R. Co.*, 142 Mass. 301; 56 Am. Rep. 675; *Merryman v. Chicago etc. Ry. Co.*, 85 Iowa, 635.)

CHIPMAN, C.—Action for personal injuries. The jury found a general verdict for defendant. Against plaintiff's objection, the court submitted certain questions to the jury, the answers to which were favorable to defendant.

The appeal is from an order denying plaintiff's motion for new trial. The evidence disclosed the following facts:

The defendant was, at the time of the accident, engaged in

operating a street railway on Pasadena avenue, in East Los Angeles; for two days preceding the accident the defendant had left seven or eight small cars, commonly known as "trailers," at the end of said line, at the junction of Pasadena avenue and Daly street; it was the custom of the company to use these cars during the hours of time when there was the heaviest travel, and during the interval were left, for convenience, at said point. Pasadena avenue was the most generally used public thoroughfare in East Los Angeles; one of the public schools of the city was within one block of this point and another within three blocks, and fully one-half of the pupils at these schools passed this place in going to and from these schools; these trailer-cars were left at the point in question by the employees of the defendant after being used by them in the morning, and were pushed up to the end of the line beyond the point where the cars turned back, and the brakes were properly set to hold them and were the only means taken to hold the cars in place; the brake was operated by turning a crank with a short arm and handle, to be turned by one hand, and was held by a "dog," that caught in a ratchet wheel on the top of the floor of the platform of the car; a kick with the foot against the "dog" would easily loosen the brake; the persons engaged in operating the regular cars came to this point about every fifteen minutes during the day. On the day of the injury a number of boys, including the plaintiff, left one of the public schools a few minutes after 3 o'clock P. M., and, on arriving at the cars, began to play with them by pushing them a short distance up the track, starting them down the grade and jumping on and riding back; after they had been playing about half an hour they started down, as usual, with two cars, the plaintiff standing on the step running along lengthwise on the side of the front car. He rode down part of the distance in this way, when he jumped from the step of the car to the ground and ran from ten to twenty feet ahead of the car, and started across the track in front of it, when his foot was caught by a splinter of wood projecting above the ground from one of the cross-ties, which caught in his shoe, throwing him to the ground, and before he could extricate himself he was caught and run over by the forward car. Plaintiff had not been on the cars in question

before the afternoon on which the injury occurred, and one of the boys testified that he warned plaintiff to keep off the cars; the grade at the point in question was very slight, and the cars, when started back, came very slowly, and he would have had ample time to get across the track before the car overtook him if he had not been thrown down by the splinter catching in his shoe; plaintiff was of the age of nine years and nine months. About 2:45 or 3 o'clock P. M., and before the accident, the employee of defendant in charge of the trailer-cars was at the cars and found two boys playing with them, and that the brake of one of the cars was unloosened, but all the other brakes were set; he made the boys leave the cars and he set the loose brake.

Appellant confines his argument exclusively to alleged erroneous instructions.

The court gave six instructions as asked by plaintiff, with some modifications as to two of them not `now objected to. These instructions were quite favorable to plaintiff, and we do not understand that plaintiff questions their correctness. His contention is, that the court gave certain instructions at request of defendant, two of which (11 and 12) are contradictory of and inconsistent with the instructions given for plaintiff, and do not correctly state the law; that instructions 1 and 2 are outside the issues; that instruction 10 is misleading, and that instruction 8 does not state the law correctly.

Defendant's instructions 1 and 2 were that "street railway companies are not required to use the same care to avoid injuring persons who are not passengers as they are to avoid injury to persons who are passengers"; and that "the plaintiff was not a passenger, nor entitled to the rights of a passenger, when the injuries of which he complains were received." We suppose these instructions were given because there was evidence that plaintiff was riding on the trailer-cars. The jury were not told what the defendant's liability was to passengers, and to inform the jury that plaintiff was not entitled to the rights of passengers left the instruction incomplete. It was apparently outside the issues. Still, we cannot see how it could have misled the jury, especially as they were fully instructed as to the law applicable to the facts in the case. The rule invoked by plaintiff does not go so far as to make all irrelevant instruc-

tions error. It must appear that they at least tended to mislead.

Instruction 8 was as follows: "There is no presumption of law that plaintiff did not have capacity to understand that it was dangerous for him to go in front of a moving car; and, unless the evidence shows that he did not have such capacity, contributory negligence on his part, if shown by the evidence, is a good defense to the action."

We are asked to hold to the rule of the common law that minors under the age of fourteen years are presumably without discretion and judgment, and that evidence is necessary to remove the presumption. It was proper to leave the question of contributory negligence to the jury free from any presumption as to plaintiff's incapacity. The only testimony as to the fact was given by the plaintiff's mother, who said that he "was not a particularly bright or intelligent child." The law upon the point is stated in *Studer v. Southern Pac. Co.*, 121 Cal. 400; 66 Am. St. Rep. 39.

Instruction 10 was as follows: "Whether the defendant's trailer-cars should have been permitted to stand on the track in the street during the hours of the day when they were not needed for carrying passengers, was a question to be determined by the city authorities, and is a wholly irrelevant and immaterial question in this case."

It is objected that this instruction was confusing and misleading to the jury, because they had been previously told that the questions of the manner of leaving the cars, the place where they were left, et cetera, were to be considered by them in determining whether defendant was negligent or not. It seems to us that this particular instruction was intended to show simply that the city authorities alone could determine whether the cars should be permitted to be left on the street for the convenience of defendant. It is true that the right to so use the street must come from the city, and in so saying to the jury the court did not weaken the force of the other instructions as to the care defendant should exercise in so occupying the street.

Instruction 11 was as follows: "If the jury believe from the evidence that any element of danger connected with the defendant's trailer by which plaintiff was injured was not a

hidden or concealed danger, but was open to the observation anu could be comprehended by a boy of average intelligence, of the age of plaintiff, and, if you further believe that the trailer, when left on the track by defendant's employees the day of the accident, was held by brakes of the ordinary kind, and that the brakes were set in a manner to hold the cars where they were unless someone should loosen the brakes, the plaintiff cannot recover."

The jury had been told "that the fact, as shown by the evidence, that the brakes of the car in question were set when the cars were left on the track in the way in which such brakes were usually set or fastened, or according to the usual custom of defendant, is a matter to be considered by the jury in passing upon the question as to whether the defendant exercised ordinary care in the way it placed and maintained said cars at the place in question; . . . . and they should consider the danger, if any there was, attending the leaving of the cars at the place in question, whether said cars were of a dangerous nature likely to cause an injury of the kind complained of, and were likely to attract children thereon for amusement and play, the manner in which they were fastened, the publicity of the place, whether defendant, in the exercise of reasonable care and diligence, should have securely fastened them, or, if that was impracticable, whether, in the exercise of such diligence, it was its duty to leave them in charge of an attendant," et cetera.  It is claimed that these instructions are contradictory of instruction 11, *supra*, and irreconcilable with it.

If the last instruction is a correct statement of the law, as we think it is, plaintiff cannot complain even if it was inconsistent with the instructions which were manifestly more favorable to plaintiff.  If the jury had given their verdict for plaintiff the defendant might have complained.  Plaintiff contends, however, that instruction 11 was not a correct statement of the law because it violates the principles laid down in the "turntable cases," which, it is claimed, apply here.  The rule in these cases as held by this court will be found in *Barrett v. Southern Pac. Co.*, 91 Cal. 296; 25 Am. St. Rep. 186.  In a later case (*Peters v. Bowman*, 115 Cal. 345, 56 Am. St. Rep. 106), it was said: "The rule of the turntable cases is an exception to the general

principle that the owner of land is under no legal duty to keep it in a safe condition for others than those whom he invites there, and that trespassers take the risk of injuries from ordinary visible causes; and it should not be carried beyond the class of cases to which it has been applied. And the cases to which the rule has been applied, so far as our attention has been called to them, are nearly all cases where the owner of land has erected on it dangerous machinery, the consequences of meddling with which are not supposed to be fully comprehended by infant minds."

The cases illustrating the principles of the turntable cases are quite fully set forth in the opinion and need not be restated.

The recent case of *Kaumeier v. City Electric Ry. Co.*, 116 Mich. 306, is very similar to this one, the principal difference in its facts being that in the Michigan case the car had no brakes. It was testified by the conductor in charge of the cars in that case that when the flat-car was left at the point where the accident happened "he blocked the wheels with a stone and a stick, which could be removed by the kick of a small boy, if he hit it hard, and that he always blocked this car every time he left it." The court in its decision gave the question very careful consideration, reviewing the turntable cases from the first one—*Railroad Co. v. Stout*, 17 Wall. 657—and reached the conclusion that they do not furnish the rule by which such a case as this is to be determined. It was held upon the undisputed facts that the court should have instructed the jury to find a verdict for the defendant. Speaking of *Railroad Co. v. Stout, supra,* the court said: "It is difficult to see how that case can be likened to the present. In that case, a dangerous piece of machinery was left open, exposed, and unguarded, to the knowledge of defendant. The turntable itself was dangerous. The car in question in the present case was not dangerous in its construction. It was a plain car, with four wheels, with no machinery about it. It had no brake, but was a small platform car. It is true that it stood upon a track where it might be moved by several children applying their united strength. Several children might in the same way move a wagon or carriage left beside the highway. We apprehend that no claim of negligence could be sustained against the owner of such a vehicle if one of the children climb-

ing on it should fall off and be run over, even if the wheels were left without blocking."

It is not contended that these trailer-cars were objects dangerous to children, and it has been held that cars are not "dangerous machines" within the meaning of the rule in some of the turntable cases (Elliott on Railroads, sec. 1260); but it is urged, as it was urged in the Michigan case, that because the cars were left in a condition which made it possible for children to loosen the brakes and push the cars along the track the cars became dangerous, and, being attractive objects to children, they were likely to move them and thus be put in danger. It will be observed that the court instructed the jury that if they believed from the evidence that the element of danger connected with these trailers was not a hidden or concealed danger, but was open to the observation, and could be comprehended by a boy of plaintiff's age with average intelligence, then in such case if defendant's cars were held by brakes of the ordinary kind, and the brakes were set in a manner to hold the cars where they were left, unless some one loosened them, the plaintiff cannot recover. We think such an instruction takes the case out of the class to which the turntable cases belong, and like cases, such as *Branson v. Labrot*, 81 Ky. 638, 50 Am. Rep. 193, where lumber was negligently piled, and analogous cases, and stated the law correctly as applicable to the undisputed facts in this case.

Appellant alleges error in submitting certain special interrogatories to the jury for answer. It is said that they were of a character calculated to lead up to a general verdict for defendant and did not embrace all the issues involved. The court was authorized by section 625 of the Code of Civil Procedure, to instruct the jury "to find upon particular questions of fact to be stated in writing" if the jury render a general verdict. It is a matter resting in the discretion of the court (*Smith v. Occidental etc. S. S. Co.*, 99 Cal. 462); and the court was not required to thus submit all the issues.

The order should be affirmed.

Cooper, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.          McFarland, J., Henshaw, J., Temple, J.