[S. F. No. 8714. Department One.—May 21, 1919.]

In the Matter of the Estate of BRIDGET CLARK, Deceased. JOHN J. O'BARN, Appellant; JAMES EGAN et al., as Executors, etc., Respondents.

[1] ESTATES OF DECEASED PERSONS — WILL CONTEST — MENTAL IN-CAPACITY—EFFECT OF EXCESS CHARITABLE BEQUEST—INSTRUCTION. In a proceeding to revoke the probate of a will on the ground that the deceased at the time of its execution was not mentally competent to make a will, an instruction to the effect that the will purported to give more than one-third of the estate to charitable purposes, and "that the amount by which the sums so bequeathed for charitable purposes exceed one-third of the estate of said decedent will go to the persons and in the proportions in which the estate of said decedent would have descended had she died intestate," was a correct statement of the law, and while it may have been irrelevant to the issue, was not misleading in view of the fact that the jury was repeatedly instructed that the only issue for their determination was the mental capacity of the testatrix at the date of the execution of the will.

[2] ID.—INSTRUCTION UPON SUBJECT OUTSIDE ISSUES — WHEN NOT PREJUDICIAL.—An instruction correct in law, but upon a subject that is outside the issues, is not cause for a reversal, unless it tends to mislead the jury as to the question for decision.

[3] ID.—EXECUTION OF PREVIOUS WILLS—SOUNDNESS OF MIND—ARGU-MENTATIVE INSTRUCTION.—In such contest the refusal to instruct the jury that two previous wills of the testatrix each making dispositions of her estate similar to those made in the will in question, and which were admitted in evidence, were to be considered as well as all the other evidence admitted, and that if they should find they were executed by her and that she was then of sound mind, "it does not necessarily follow from these facts, and these facts alone, that at the time of the alleged execution of the will in question she was of sound mind," and that they "should give these facts only such consideration as in your judgment they may be entitled to," was not prejudicial, since the instruction was argumentative and also violated the rule that the court need not give an instruction which emphasizes one of the facts, among others, which tend to prove or disprove an ultimate fact in issue.

[4] ID.—ARGUMENTATIVE INSTRUCTIONS.—It is not the province of the court to make an argument to the jury, and though the giving of an instruction argumentative in form may not always be cause for reversal, it is also true that the court is not bound to give such an instruction even if the argument be a legitimate one, and the refusal thereof is not error.

[5] ID.—DETERMINATION OF MENTAL CONDITION—MODIFICATION OF IN-
STRUCTION—ADMISSION OF EXECUTION OF WILL.—In such contest
the modification of a requested instruction that "in determining
the question of the soundness or unsoundness of mind of the tes-
tatrix at the time it is claimed the said will was made, you have
a right to consider the terms and provisions thereof and if you
believe from the evidence that at the time of the signing of the
said instrument, she did not have the mental capacity to under-
stand each and all of its provisions, and in fact did not under-
stand each and all of its provisions, then I charge you her mind
was unsound, and your answer to the issue—was she of sound mind
at that time—will be 'no,'" by striking out the phrase, "at the
time it is claimed the said will was made," and inserting in lieu
thereof the phrase, "at the time of the execution of the will,"
was proper, in view of the admission at the trial that the will was
duly executed.

[6] ID.—ERROR WITHOUT PREJUDICE — INSUFFICIENT GROUND OF RE-
VERSAL—CONSTITUTIONAL LAW.—In view of section 4½ of article
VI of the constitution, an order refusing to revoke a previous order
admitting a will to probate cannot be reversed on appeal, conced-
ing certain rulings in the giving and refusing of instructions to
have been technically erroneous, where the great preponderance of
the evidence was in favor of the proponents on the only ground
of contest presented—the mental incapacity of the testatrix.

APPEAL from an order of the Superior Court of the
City and County of San Francisco refusing to revoke an
order admitting probate of will. John Hunt, Judge. Af-
firmed.

The facts are stated in the opinion of the court.

Walter H. Linforth and Samuel M. Samter for Appellant.

Edward I. Coffey, Jeremiah V. Coffey, Garret W. Mc-
Enerney, Andrew F. Burke and Cullinan & Hickey for
Respondents.

SHAW, J.—This is an appeal from an order refusing to
revoke a previous order admitting to probate a certain docu-
ment as the last will of Bridget Clark, deceased.

It was admitted that the will was duly executed. The only
ground of contest presented at the trial was that at the time
of its execution the decedent was not mentally competent
to make a will. The verdict was against the contestants.

The only points urged in support of the appeal are certain rulings in the giving and refusing of instructions.

One of the instructions given was to the effect that the will purported to give more than one-third of the estate to charitable purposes, and "that the amount by which the sums so bequeathed for charitable purposes exceed one-third of the estate of said decedent will go to the persons and in the proportions in which the estate of said decedent would have descended had she died intestate."

The appellant concedes that this is a correct statement of the law on the subject, but objects to it on the ground that it was directed to a point that was not in issue; that it was irrelevant, and that the jury may have been induced to give a decision against the contestant because of the fact that it informed them that he would receive a substantial part of the estate, even if the will, which gave him nothing, were allowed to stand unrevoked.

The closing instruction was as follows: "Gentlemen, the only issue for you to determine in this case is the question whether or not Bridget Clark was of sound and disposing mind at the date of the execution of the will in question, which was on the 21st of September, 1915, and to that you will answer yes, or no, according as nine of your number conclude." The court then gave the jury a prepared form of verdict, which the jury answered and returned as follows: "We, the jury in the above-entitled cause find a special issue, Was the decedent, Bridget Clark, of sound and disposing mind on the 21st of September, 1915, at the time of the execution of the will in question? Answer. Yes. Edward A. Dakin, Foreman."

[1] Over and over again the instructions repeated the statement that this was the only thing the jury was to decide and that it must be decided from the evidence in the case. The instructions on the subject were complete, elaborate, and clear. We cannot, on appeal, indulge in the surmise that the jury may have disobeyed these elaborate and express instructions of the court, disregarded their oaths to decide the cause from the evidence introduced, and in accordance with the law as given them by the court, and may have gone afield upon an inquiry as to the extent of the estate and the amounts which the interested parties would ultimately receive. The instruction objected to did not direct them to

such inquiry. The giving of it may have been suggested by the closing argument of counsel for appellant to the jury, wherein he erroneously stated that under the provisions of the will, as made, twenty-four thousand dollars of the thirty-nine thousand dollar estate would *go to the church. But, however this may be, the instruction was correct in point of law, and, though it may have been irrelevant to the issue, there was nothing in it which could tend to mislead or confuse the jury with regard to a question so clearly and precisely submitted for its decision. [2] An instruction correct in law, but upon a subject that is outside the issues, is not cause for a reversal, unless it tends to mislead the jury as to the question for decision. (*George* v. *Los Angeles Ry. Co.,* 126 Cal. 361, [77 Am. St. Rep. 184, 46 L. R. A. 829, 58 Pac. 819] ; 14 R. C. L. 782; *People* v. *Park,* 62 Cal. 206.)

Two previous wills of the testatrix, one dated July 12, 1910, the other November 14, 1912, each making dispositions of her estate similar to those made in the will in question, were admitted in evidence. The appellant asked the court to instruct the jury that these wills were to be considered as well as all the other evidence admitted, and that if they should find they were executed by her and that she was then of sound mind, "it does not necessarily follow from these facts, and these facts alone, that at the time of the alleged execution of the w:‾‾ in question she was of sound mind," and that they "should give these facts only such consideration as in your judgment they may be entitled to."

[3] The statement included in the instruction, that the fact that she had previously executed similar wills and was then of sound mind, did not necessarily establish the fact that she was of sound mind when she executed the later will in controversy, is in the nature of an argument to the jury. It was a legitimate argument for the appellant's attorney to advance in his address to the jury. Opposing counsel could with equal propriety argue that the fact of the execution of two similar wills when she was admittedly of sound mind was sufficient evidence to satisfy the jury of her sanity when she made the will in question. [4] But it is not the province of the court to make an argument to the jury, and though the giving of an instruction argumentative in form may not always be cause for reversal, it is also true that the court is not bound to give such an instruction even if the

argument be a legitimate one, and the refusal thereof is not
error. (*People* v. *Stanton*, 106 Cal. 139, 142, [39 Pac. 525];
*People* v. *Williams*, 17 Cal. 147; *People* v. *Hertz*, 105 Cal.
665, [39 Pac. 32]; *Birmingham etc. Co.* v. *Martin*, 148 Ala.
8, [42 South. 618]; 38 Cyc. 1600.)   Furthermore, it violated
the rule that the court need not give an instruction which
emphasizes one of the facts, among others, which tend to
prove or disprove an ultimate fact in issue.   The instructions
given were to the effect that the jury should consider all the
evidence introduced at the trial bearing on the condition of
her mind prior to, at the time of, and subsequent to the date
of the will in question, and that the jury should consider
her state of mind on other occasions only in so far as the
same sheds light upon her state of mind when the will in
question was executed.   The refusal of the instruction could
not have been prejudicial.

The third ruling complained of was in modifying the fol-
lowing instruction asked by the appellant: "In determining
the question of the soundness or unsoundness of mind of
Bridget Clark, at the time *it is claimed* the said will was
made, you have a right to consider the terms and provisions
thereof, and if you believe from the evidence that, at the
time of the signing of the said instrument, she did not have
the mental capacity to understand each and all of its pro-
visions, and in fact did not understand each and all of its
provisions, then I charge you her mind was unsound, and
your answer to the issue—was she of sound mind at that
time—will be 'no.' "

As modified by the court and given it was as follows: "In
determining the question of the soundness or unsoundness of
mind of Bridget Clark, at the time of the execution of the
will in question, you are to consider all of the evidence herein,
and if you believe from the evidence that, at the time of the
signing of the said instrument, she did not have the mental
capacity to understand its provisions, and in fact did not
understand its provisions, then your answer to the issue—was
she of sound and disposing mind at that time—will be 'no.' "

[5]   The court correctly struck out the phrase, "at the
time it is claimed the said will was made," and inserted in
lieu thereof the phrase, "at the time of the execution of the
will."   At the trial the execution of the will was admitted
and it was improper for the court to suggest, as the requested

instruction did, that its execution was still under consideration. The substitution of the statement that the jury "are to consider" the evidence, for the statement requested that they have "a right to consider" it, was, of course, correct. Instead of limiting their attention, as the instruction requested provided, to "the terms and provisions" of the will in question, the instruction as given directed the jury to consider all of the evidence herein. This was a correct instruction, while that requested might have misled the jury to confine their consideration to the will alone. The substitution of the phrase "its provisions," referring to the will, for the phrase "each and all of its provisions," was not improper. The elimination of the phrase in the requested instruction, "I charge you her mind was unsound," was not harmful, inasmuch as the succeeding phrase stated substantially the same thing.

[6] Finally, it may be said that even if the rulings complained of had been technically erroneous, it cannot be said that they were prejudicial or that their effect was such as to cause a miscarriage of justice. The case made by the appellant regarding the mental condition of the testatrix at the time of the execution of the will was an extremely weak one. On the other hand, the proponents of the will introduced an abundance of evidence satisfactory in character, showing that the decedent was then of sound mind. The great preponderance of the evidence was in favor of the proponents. Under these circumstances, the judgment cannot be reversed. (Const., sec. 4½, art. VI.)

The order is affirmed.

Lawlor, J., and Olney, J., concurred.