[Civ. No. 2919. Second Appellate District, Division Two.—August 14, 1919.]

HAROLD TODD, an Infant, etc., Appellant, v. W. W. ORCUTT, Respondent.

[1] NEGLIGENCE—ACTION BY MINOR—DEFENSE OF CONTRIBUTORY NEGLIGENCE—WHEN MAY BE INVOKED.—An infant may be so very young that, like an idiot or a lunatic, no negligence may legally be imputed to him, but not all infants are in that class. The defense of contributory negligence may be invoked in actions by or on behalf of children who are of an age sufficient to exercise discretion for the avoidance of injury to themselves. The law does not fix this age of discretion. It may depend upon the character of

the injury, the circumstances under which it occurred, and the size, intelligence, and capacity of the child.

[2] ID.—ALLEGATION OF NON SUI JURIS—ISSUES—FINDINGS.—Where the complaint in an action by a minor, by his guardian *ad litem*, to recover damages for personal injuries caused by an automobile driven by the defendant does not allege that the plaintiff was *non sui juris* at the time of the accident, in so far as legal accountability for contributory negligence is concerned, and no such issue is tendered, no finding on that question is necessary.

[3] ID.—AGE OF MINOR—PROPER ALLEGATION.—While, in such action, it is proper for the complaint to allege and the court to find the age of plaintiff, in order to show that it is proper for him to appear by a guardian *ad litem*, it is not necessary or proper to allege or find that, because plaintiff was a child of tender years, he is not *sui juris* or chargeable with contributory negligence. With respect to the question of negligence on his part, his age is only a probative fact.

[4] ID.—CONTRIBUTORY NEGLIGENCE OF MINOR—FINDING—FACTORS TO BE CONSIDERED.—In such action, the ultimate question is: Was the plaintiff guilty of contributory negligence? And where the court finds that plaintiff "was guilty of negligence which proximately caused his collision with defendant's automobile," it must be assumed that, in solving that question, the court applied the correct rule of law, which is that plaintiff was required to exercise the same degree of care, no more and no less, than would be expected from a child of his age, or which children of his years ordinarily exercise under like circumstances, taking into consideration, not only his age, but his capacity for understanding.

[5] ID.—CONSTRUCTION OF FINDINGS—CONFLICT BETWEEN GENERAL AND SPECIAL FINDINGS.—Findings are to be read as a whole, and, if possible, are to be interpreted so as to uphold the judgment, and where, in an action for damages for personal injuries, the negligence is alleged in general terms, and the court makes a general finding negativing the alleged negligence, and then finds, in more detail, certain other facts, unless there is an irreconcilable conflict between the general finding and the specific findings of fact, the judgment must be affirmed.

[6] ID.—FAILURE TO DRIVE ON RIGHT-HAND SIDE OF STREET—WHEN NOT NEGLIGENCE.—Negligence cannot be conclusively presumed from the fact that the driver of an automobile, although traveling along the right-hand side of that portion of the street along which

---

4. Negligence of infant plaintiff as bar to recovery for personal injuries, notes, 14 Am. St. Rep. 590; 1 Ann. Cas. 895; 17 Ann. Cas. 353; Ann. Cas. 1913B, 969.

vehicles, going in either direction, ordinarily travel, was to the left of the center of the street, where it was not "practicable" for him to travel along the right-hand side of the street.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Drew Pruitt, John F. Imel and C. C. Caswell for Appellant.

Rufus V. Bowden and Andrews, Toland & Andrews for Respondent.

FINLAYSON, P. J.—A boy, nine years of age, brought this action, by his guardian *ad litem*, to recover damages for personal injuries caused by an automobile driven by defendant. The case was tried by the court without a jury. Judgment was given for defendant, and plaintiff appeals therefrom.

The accident occurred on Monte Bella Road, which, east of the city limits of the city of Los Angeles, is an extension of Stephenson Avenue, and runs in an easterly direction from the city limits. It is crossed by Bonnie Beach Place. It was at a point thirty to forty feet east of the easterly line of Bonnie Beach Place, and approximately in the center line of Monte Bella Road, that defendant's automobile collided with plaintiff. The complaint alleges the negligence in general language, as follows: "On the third day of June, 1915, the defendant . . . operated, guided, ran, and conducted said automobile in such a careless, negligent, reckless, wrongful, and unlawful manner that said automobile . . . ran into, upon, and over the plaintiff." It also is alleged in the complaint that "at the time of said accident, said plaintiff was a child of tender years, and it was without any fault on his part that caused or contributed to said injury." Defendant, answering, denied the negligence as alleged, and also denied that the injury was without any fault on plaintiff's part contributing thereto. As a special defense, defendant alleged that whatever injuries were sustained by plaintiff were due to his own contributory negligence in running in front of the automobile. In its find-

42 Cal. App.—44

ings the court found that, at the time of the accident, defendant was operating his automobile "in a proper and careful manner, and without any negligence on his part"; also that plaintiff "was guilty of negligence which proximately caused his collision with defendant's automobile." The case comes to us on the judgment-roll without any bill · of exceptions or transcript of the evidence.

Appellant complains of the findings because the court did not specifically find whether or not plaintiff "was *sui juris* and chargeable with contributory negligence which would preclude a recovery of damages for his injury." Every minor is, of course, *non sui juris* in the broad acceptation of the term. But counsel, we assume, by their use of the language just quoted from their brief, intend that the term should be taken in a narrower sense, and mean to be understood as claiming that the findings are insufficient merely because the court did not specifically find that plaintiff's age was such that he could not entirely escape all legal accountability.

[1] An infant may be so very young that, like an idiot or a lunatic, no negligence may legally be imputed to him. But not all infants are in that class. "It is," says Mr. Beach, "a question of capacity, and it has been found a very difficult question, and has been, in many cases, a very fruitful source of controversy as to what age is sufficient to constitute an infant *sui juris*. Unless the child is exceedingly young it is usually left to the jury to determine the measure of care required of the particular child in the actual circumstances of the case. Where there is no doubt as to the capacity of the child, at one extreme or the other, to avoid damage, the court will decide it as a matter of law." (Beach on Contributory Negligence, sec. · 117.) It has been held that a child seven or eight years of age is · capable of taking ordinary care of himself, and may be guilty of negligence. (*Gillespie* v. *McGowan*, 100 Pa. St. 144, [45 Am. Rep. 365]; *Messenger* v. *Dennie*, 137 Mass. 197, [50 Am. Rep. 295].) The rule is that the defense of contributory negligence may be invoked in actions by or on behalf of children who are of an age sufficient to exercise discretion for the avoidance of injury to themselves. The law does not fix this age of discretion. It may depend upon the character of the injury, the circumstances under

which it occurred, and the size, intelligence, and capacity of the child.

[2] The complaint here, while alleging that plaintiff was nine years of age at the time of the accident, did not allege that he was *non sui juris,* in so far as legal accountability for contributory negligence is concerned. No such issue was tendered, and no such finding was necessary. The complaint does allege, and the answer admits, that at the time of the accident plaintiff was "a child of tender years."
[3] It was not necessary nor proper to allege or find that, because plaintiff was a child of tender years, he was not *sui juris* or chargeable with contributory negligence. It, of course, was proper for the complaint to allege, and the court find, the age of plaintiff. This was necessary in order to show that it was proper for him to appear by a guardian *ad litem.* But with respect to the question of negligence on his part, his age was only a probative fact, as much so as if, had he been an adult, he were blind or deaf. [4] The ultimate question of fact is: Was he guilty of contributory negligence? And we must assume that, in solving that question, the court applied the correct rule of law, which is that plaintiff was required to exercise the same degree of care, no more and no less, than would be expected from a child of his age, or which children of his years ordinarily exercise under like circumstances, taking into consideration not only the boy's age, but his capacity for understanding. (*Studer* v. *Southern Pacific Co.,* 121 Cal. 400, [66 Am. St. Rep. 39, 53 Pac. 942]; *George* v. *Los Angeles Ry. Co.,* 126 Cal. 357, [77 Am. St. Rep. 184, 46 L. R. A. 829, 58 Pac. 819]; *Quill* v. *Southern Pacific Co.,* 140 Cal. 268, [73 Pac. 991]; *Cahill* v. *Stone Co.,* 167 Cal. 126, [138 Pac. 712].)

[5] Appellant contends that the judgment is not supported by the findings. The basis for this claim is that the details of the accident, as disclosed by the court's findings, show, according to appellant, that respondent was guilty of negligence and that appellant was not. As already pointed out, the complaint charged defendant's alleged negligence in general terms, as, indeed, plaintiff had the right to do. (*Stephenson* v. *Southern Pacific Co.,* 102 Cal. 143, [34 Pac. 618, 36 Pac. 407]; *Pigeon* v. *Fuller,* 156 Cal. 691, [105 Pac. 976]; *Stein* v. *United Railroads,* 159 Cal. 368, [113 Pac. 663].) The negligence, thus pleaded, was the

ultimate fact. Upon this issue the court found against plaintiff, in a finding that directly traverses the negligence as alleged in the complaint. The court might have stopped with this finding negativing negligence on the part of defendant as alleged in the complaint, but it went on and found, in more detail, certain other facts—facts which appellant claims are inconsistent with the court's findings that defendant was not, and that plaintiff himself was, guilty of negligence. Findings are to be read as a whole, and, if possible, are to be interpreted so as to uphold the judgment. And unless there is an irreconcilable conflict between the general finding that defendant was not negligent and the findings as to the particulars upon which appellant relies, the judgment must be affirmed.

[6] The court found that at the place where the collision occurred the street, from curb to curb, is fifty-six feet wide; that on the south side of the street are two interurban street-car tracks; that the most northerly rail is five or six feet south of the center line of the street; and that "by reason of these said street-car tracks and the condition of the street on the south side of said street, the traffic, both east and west along said Stephenson Avenue, is confined almost entirely to the northerly half of said street." Defendant was driving in an easterly direction. So that, ordinarily, it would have been his duty to keep to the south of the center line of the street—that is, on the right-hand side of the highway. The court further found that, at the time of the collision, defendant was driving his automobile along the right-hand side "of said traveled portion of said roadway," i. e., along the right-hand side of that portion of the highway that lies to the north of the most northerly rail; that he was operating his automobile in a careful manner; but that plaintiff, while attempting to cross from the north to the south side of the street, suddenly emerged from behind a vehicle, and before defendant was aware of his presence so as to avoid a collision, ran against defendant's automobile and was injured.

It is provided by the Motor Vehicle Act then in force (sec. 20, Stats. 1913, p. 646), that the driver of an automobile, "wherever *practicable* shall travel on the right-hand side" of the highway. The court did not find, in so many words, that it was not "practicable" for respondent to

drive on the right-hand side of the road. Appellant contends, therefore, that because the court found that respondent was not driving on the right-hand side of the road, negligence must conclusively be presumed in the absence of a finding expressly declaring that it was not practicable for him to drive to the right of the center line of the street. It does not clearly appear from the findings that respondent's automobile was wholly to the left of the center line of the road. We shall, however, resolve the doubt in appellant's favor and assume that the automobile was wholly to the left of the center line. But even so, the findings do not disclose any irreconcilable conflict between the general finding of an absence of negligence on respondent's part and the more particular details of the accident as disclosed by the other findings. If the court had expressly found that, at this particular place, it *was* "practicable" for respondent to drive on the right-hand side of the street, there then would have been a basis for the claim of a direct antagonism between the general finding that defendant was not negligent and the other facts found by the court. But the findings do not say that it was practicable for respondent to drive on the right-hand side of the highway at the place where the accident happened. There is, therefore, no irreconcilable conflict in the findings of the court. Furthermore, from the facts found it may well be that, at the place where the accident happened, it in fact was not practicable to drive on the right-hand side of the highway, and that it was proper to drive, as the court found respondent did, on the right-hand side of the "traveled portion," i. e., on the right-hand side of that part of the street which lies north of the most northerly of the interurban street-car rails. The greater portion of the southerly half of the road seems to have been occupied by the interurban street-car tracks. It is possible there were ties between the rails that stood up above the general surface of the road. At any rate, the findings state that it was because of "the condition of the street on the south side," as well as by reason of the presence of the street-car tracks, that traffic, both east and west, was "confined almost entirely to the northerly half of said street." If, as is quite possible, there were large ties, above ground, between the rails, almost all of the southerly half of the highway would have been

unsuitable for ordinary vehicular travel, and its use by automobiles may not have been practicable. Under such circumstances, negligence cannot be conclusively presumed from the fact that defendant was driving on the right-hand side of that part of the street along which horse-drawn and motor vehicles, going in either direction, ordinarily travel. (See *Stohlman* v. *Martin*, 28 Cal. App. 338, [152 Pac. 319].)

Judgment affirmed.

Sloane, J., and Thomas, J., concurred.