[Civ. No. 5934. First Appellate District, Division Two.—September 26, 1927.]

GEORGE W. PHILLIPS, Respondent, v. PICKWICK STAGES, NORTHERN DIVISION, INC. (a Corporation), Appellant.

TINA STOCKS, Respondent, v. PICKWICK STAGES, NORTHERN DIVISION, INC. (a Corporation), Appellant.

MARY M. CROTHERS, Respondent, v. PICKWICK STAGES, NORTHERN DIVISION, INC. (a Corporation), Appellant.

Sarau & Thompson, Joe Crider, Jr., and B. P. Gibbs for Appellant.

E. B. Drake for Respondents.

WARNE, J., *pro tem.*—The above-entitled actions were brought to recover damages for personal injuries alleged to have been suffered by each of the plaintiffs by reason of the alleged negligence of the defendant in the operation of one of its autostages, in the city of Ventura. Having grown out of the same accident and having involved the same facts relative to the accident, the actions were by stipulation tried together on the same evidence. The cases were tried before a jury. The plaintiffs recovered judgment in each case and the defendant appeals. The appeals have been consolidated and the grounds of appeal are the same in each case.

Briefly, the facts are as follows: On the morning of July 4, 1924, the American Legion were having a parade in the city of Ventura, which was proceeding along Main Street in an easterly direction to California Street, thence southerly down California Street on the west side of the street. The intersection of the street was crowded with people, among whom were the plaintiffs, and the street was closed to traffic at this point by reason of the people extending out into the street. But east of this corner and on the south side of the street up as far as Chestnut Street, the street was open to traffic.

On the morning in question appellant was operating one of its stages from Los Angeles to Santa Barbara and a part of its route extended through the city of Ventura. Coming into Ventura, when the stage reached the corner of Main and Chestnut Streets, which is four hundred feet east from California Street, the point of the accident, the driver turned down Main Street, traveling at a rate of speed not exceeding ten miles an hour toward the line of parade. It is a down grade from Chestnut to California Street. Shortly thereafter the driver saw the crowd of people lined across California Street at the corner and knowing he was going to be obliged to stop, he put the stage in low gear and rolled down the hill. Shortly thereafter he started to stop the stage by means of the use of the foot-brake and in so doing the foot pedal which operated that set of brakes suddenly broke, rendering it useless. The driver headed the stage for a lamp-post on the south

side of the street, but before reaching it a child stepped out into the street between the lamp-post and the stage and he turned the stage in order to avoid hitting the child and proceeded toward the crowd. The driver was not able to stop the car by use of the emergency-brake and the three plaintiffs, who were standing out more or less in the street with their backs to the direction of the autostage intently watching the parade, were struck by the stage and injured. The driver did not sound his horn either before or after the foot-brake pedal broke. Automobiles were standing in three rows and occupying the right half of Main Street for most of the block immediately east of the point of accident. The left side was unobstructed.

The first point raised by appellant is that the verdict is contrary to law in this: "That the proof discloses no negligence on the part of the defendant." Appellant contends that the accident was caused solely by the sudden breaking of the foot pedal, due to a latent defect therein, not known to defendant and not discoverable upon a most careful inspection and that there was no negligence upon the part of the defendant. Concededly, if the sole proximate cause of the accident was due to the breaking of the foot pedal due to a latent defect which could not have been discovered upon a careful examination and inspection, appellant would not be liable. (*Lawrence* v. *Green*, 70 Cal. 417 [59 Am. Rep. 428, 11 Pac. 750] ; *McCall* v. *Pacific Mail S. S. Co.*, 123 Cal. 42 [55 Pac. 706]; *Roberts* v. *Sierra Ry. Co.*, 14 Cal. App. 180 [111 Pac. 519, 527]; *McKeon* v. *Lissner*, 193 Cal. 297 [223 Pac. 965].)

The complaint alleges as follows: "That said accident was caused alone by the negligence of the defendant (a) in the operation, management and control of said auto-bus, and (b) in negligently operating said auto-bus with defective brakes thereon."

The answer denies negligence upon the part of the defendant, and as a separate and affirmative defense alleges that the accident was unavoidable by reason of the fact that the brake foot pedal suddenly broke while being used to stop said stage at the time and place of the accident and that the breaking of said brake foot pedal was caused by a latent defect in said brake foot pedal which was unknown to defendant under constant use and careful inspection.

Both questions thus mentioned were issues of fact, and if there is substantial evidence to sustain either the verdict will stand. (*Worley* v. *Spreckels Bros.*, 163 Cal. 60 [124 Pac. 697] ; *Bergen* v. *Tulare etc. Co.*, 173 Cal. 714 [161 Pac. 269].)

 We think the question as to whether the auto-bus was equipped with brakes adequate to promptly check its speed and stop it, as required by section 94 of the Motor Vehicle Act of 1923 [Stats. 1923, p. 545], was a question for the jury to decide under all the facts and circumstances, as was also the question of negligent operation of the motorbus. The autostage in question, as is universally the custom to-day was equipped with two sets of brakes, that is, the customary foot-brakes operated by means of a foot pedal and a so-called emergency-brake operated by means of a hand lever. Upon the breaking of the foot pedal it was not possible to operate the foot-brake, and according to the testimony of the driver of the autostage the emergency-brake was not adequate at the time to stop the car, due to it not being in "prime condition." It is apparent that if the emergency-brake had been in prime condition the autostage could have been brought to a stop and the accident avoided. However this may be, there is still the question as to whether the driver was negligent in failing to sound his horn at the time and also the manner in which he was operating the autostage. The jury believed that the defendant was negligent in some respect, and, there being substantial evidence to warrant the finding, it is not for us to say to the contrary.

 It is next contended that the court erred in instructing the jury upon the question of contributory negligence. The defendant as a separate defense set up in its answer contributory negligence upon the part of the plaintiffs. It is claimed the appellant abandoned this defense at the trial by not having offered any evidence to support this plea, and, therefore, the court should not have instructed the jury upon this question. While instructions in a particular case are to be determined, not alone by the pleadings therein but also by the evidence in support of the issues between the parties, and even though an issue is raised by the pleadings, it is not proper to give an instruction thereon although it may be abstractly correct where there is no basis for it in the evidence (14 R. C. L. 786), still it must appear that injury resulted therefrom in order to warrant a reversal. (2 Cal.

Jur. 1027; *Estate of Clark*, 180 Cal. 395 [181 Pac. 639]; *George* v. *Los Angeles Ry. Co.*, 126 Cal. 361 [77 Am. St. Rep. 184, 46 L. R. A. 829, 58 Pac. 819].) We do not see where injury resulted to the appellant by the giving of said instructions. It was clearly pointed out to the jury that these instructions were only applicable to the issue of contributory negligence and we fail to see wherein the jury was misled. It appears to us that, if anyone was prejudiced by the giving of these instructions, it was the plaintiff.

Lastly, it is contended the court erred in refusing to give certain instructions requested by appellant. It will suffice to say that we have examined the record in the case, together with all the instructions given, and are of the opinion that the jury were fully instructed in the premises and, therefore, the court did not err in refusing to give the offered instructions.

The judgment is affirmed in each case.

Koford, P. J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 23, 1927.