[Civ. No. 11595.  Second Appellate District, Division Two.—October 4, 1937.]

In the Matter of the Estate of MARGARET MARTHA LITTLE, Deceased.  MAY C. EASTMAN et al., Respondents, v. C. O. WAMSLEY, Appellant.

John A. Jorgensen for Appellant.

Leslie L. Heap for Respondents.

McCOMB, J.—This appeal transferred by the Supreme Court to this court for decision pursuant to the provisions of article VI, section 4c of the Constitution of the state of California, is from a judgment entered on the verdict of a jury denying probate to a document dated September 28, 1935, alleged to be the last will of Margaret Martha Little, deceased.

The essential facts are:

Harry A. Watson filed a petition for the probate of a document dated August 9, 1929, alleged to be the last will of Margaret Martha Little, deceased. Thereupon, C. O. Wamsley filed a petition alleging that said decedent left a document dated September 28, 1935, which he alleged was her last will, and prayed that the same be admitted to probate. To this petition Harry A. Watson and May C. Eastman filed contests, alleging as grounds that:

(1) At the time of the execution of the alleged will of September 28, 1935, decedent was of unsound mind.

(2) Such document was executed through the undue influence of C. O. Wamsley.

After the contest had been duly and regularly tried, the trial judge submitted to the jury the special interrogatories hereinafter set forth, which they answered in the negative.

Appellant relies for reversal of the judgment on the following propositions:

*First: The trial court erred in submitting to the jury the following special interrogatories:*

*(a) Was Margaret Martha Little of sound and disposing mind at the time the alleged will dated September 28, 1935, was executed?*

*(b)* *Was said alleged will dated September 28, 1935, the free and voluntary act of said Margaret Martha Little?*

*Second: The trial court erred in refusing to submit to the jury the following special interrogatories requested by appellant:*

*(a)* *Did Margaret M. Little at the time of making the will in which Wamsley is beneficiary have that quantum of mental capacity which enabled her to know and understand the nature and consequence of her act?*

*(b)* *Did Wamsley exercise such influence upon Margaret M. Little as to produce an effect upon her mind by which the will which was executed in his favor was not the expression of her own desires but constrained her to make a disposition of her property contrary to and different from what she would have done had she been permitted to follow her own inclination or judgment?*

*Third: The finding that decedent was of unsound mind at the time of the execution of the alleged will dated September 28, 1935, was inconsistent with the finding that in executing said document decedent was acting under the undue influence of C. O. Wamsley.*

Appellant's first proposition is untenable. In *Clements* v. *McGinn,* 4 Cal. Unrep. 163 [33 Pac. 920] (for proceedings in trial court see *Estate of McGinn,* 3 Cof. Prob. 26, 67 [1909]), our Supreme Court expressly held that a special interrogatory similar to that set forth in paragraph (a) of appellant's first proposition called for a finding upon a question of fact and did not ask the jury to pass upon a conclusion of law. At page 167 the court says:

"The first contention of the appellants is that the eleventh finding of the jury is not a question of fact, but a conclusion of law. The term 'sound mind', as applied to the condition or status of testator, was a fact. It was for the purposes of the case an 'ultimate fact, in the establishment of which the physical condition of the party, his acts and conduct, were the probative facts. According to the finding of the jury, testator was not of sound mind at the date of the execution of the will; in other words, he was of unsound mind. 'A person of unsound mind is an adult who, from infirmity of mind, is incapable of managing himself or his affairs. The term, therefore, includes insane persons, idiots, and imbeciles': Black's Law Dictionary; *Jenkins* v. *Jenkins' Heirs,* 2 Dana

(Ky.), 103 [26 Am. Dec. 437]. It is the possession of a sound mind which is one of the requisites to capacity to make a will: Civ. Code, sec. 1270. The term 'disposing capacity or mind' is an alternative or synonymous. phrase in the law of wills for 'sound mind' and 'testamentary capacity': Black's Law Dictionary. The expression 'unsound mind' equally stands for and includes the want of a disposing mind or testamentary capacity.''

It is to be noted that this case has never been overruled and is therefore binding upon this court. The fact that this case was not ordered reported in the official report of the Supreme Court does not detract from its binding force. (7 Cal. Jur. 644; *MacDonald* v. *MacDonald,* 155 Cal. 665, 672 [102 Pac. 927, 25 L. R. A. (N. S.) 45].)

In the early history of our Supreme Court it was the practice to have all of its decisions officially reported. Thereafter there was an interim during which only such cases as the court ordered published, appeared in the official reports. Subsequently the earlier practice was resumed and all opinions of the Supreme Court were printed in the official reports. The cases which had not been ordered officially reported have been collected and published in what is known as California Unreported Cases (see preface to vol. 1 of California Unreported Cases (1913). We make this statement in view of appellants' contention that the foregoing case is not binding because it does not appear in the official reports of the Supreme Court. *Estate of Clark,* 180 Cal. 395, 397 [181 Pac. 639], also approves a special interrogatory similar to the one under discussion.

The special interrogatory set forth in paragraph (b) of appellant's first proposition did not call for the jury to pass upon a conclusion of law but asked for their finding on an ultimate fact. (*Estate of Gould,* 188 Cal. 353, 365 [205 Pac. 457].)

The second proposition is untenable. It is the unquestioned duty of the trial court in a will contest to submit special interrogatories to the jury; however, the trial court need not submit any particular interrogatories requested by either side so long as the ultimate issues are by proper interrogatories placed before the jury. In the present case the interrogatories submitted to the jury were correct and called for the answer of the jury to the ultimate facts in issue.

Therefore the trial court properly declined to submit the interrogatories requested by appellant.

█ The final proposition urged by appellant is without merit. The jury's findings that decedent was of unsound mind and also executed the document dated September 28, 1935, under undue influence are consistent. (*Estate of Olson,* 19 Cal. App. 379, 386 [126 Pac. 171]; *Estate of Motz,* 136 Cal. 558, 562 [69 Pac. 294].)

In *Estate of Olson, supra,* at page 386, the court says:

"Soundness of mind and body does not imply immunity from undue influence. It may require greater ingenuity to unduly influence a person of sound mind and body, and more evidence may be required to show that such a person was overcome than in the case of one weak of body and mind. But history and experience teach that the minds of strong men and women have often been overborne, and they have been by a master mind persuaded to consent to what in their sober and normal moments, and free from undue influence, they would not have done."

In *Estate of Motz, supra,* at page 562, our Supreme Court says:

"As to the findings, that the will was executed under undue influence, and that deceased was not of sound mind at the time of the execution, they may be considered together. In fact, the mental and physical condition of the testator at and about the time of the execution of a will is such an important factor in determining whether or not the will was that of the testator or an instrument procured by coercion and fraud, that the two questions are kindred and very closely interwoven and connected with each other. It is a matter of common knowledge that a person in declining health, whose body is weakened and emaciated by disease, is to a more or less degree impaired in his mind. The strength of will, the quickness of apprehension, and the reasoning powers become impaired as the body becomes enfeebled. In such case the testator is peculiarly exposed to the secret machinations and importunities of designing persons who in the guise of love and friendship have surrounded him and administered to his wants as life and reason have gradually ebbed away."

For the foregoing reasons the judgment is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 2, 1937.