## *WHITE v. RAILROAD.

### (*Nashville.* December 10, 1902.)

1. DECLARATION. *Insufficient on demurrer.*

A declaration, wherin the plaintiff seeks to recover of a railroad company damages for the killing of his intestate by the falling of its coach from a negligently constructed or kept track, is fatally defective, on demurrer, for failing to state that the intestate bore some relation to the company, such as passenger òr employe, other than that of a mere trespasser, demanding of the company a degree of care other than that of merely abstaining from the infliction of wanton, wilful, or intentional injury. In the absence of averment that plaintiff's intestate bore other relation to the company, it will be presumed that he was a mere trespasser.

Cases cited: Railroad v. Meachem, 91 Tenn., 428.

---

### FROM DAVIDSON.

---

Appeal in error from Circuit Court of Davidson County. J. W. BONNER, J.

BRIEN & NOBLE for White.

CLAUDE WALLER and J. D. B. DEBOW for Railroad.

---

*NOTE.—This case should have appeared under its proper Division, but was misplaced.—REPORTER.

McAlister, J. This case went off in the court below on a demurrer to the sufficiency of the declaration. Plaintiff appealed and assigned as error the action of the court in sustaining the demurrer.

The first count alleged that defendant company is the owner of a railroad engaged in operating freight and passenger cars, locomotives, etc., etc., to a point known as Orman's Quarry in Davidson County, whereby it became the duty of said company to keep its roadbed, rails, crossties, coaches and cars running thereon in a safe and secure condition and up to the present state of the art, and especially so as not to endanger the lives of persons traveling in and upon said cars, or being near thereto, or having business therewith, or occasion to approach the same. It is then alleged that defendant company negligently and carelessly constructed a sidetrack from its main line to said Orman's Quarry, and negligently and carelessly permitted the same to get out of repair and get into an unsafe condition, and so to remain, and carelessly and negligently run its cars thereon while in such condition, whereby it caused its cars to turn over and fall from the track on and upon Bartholomew White, father of plaintiff, thereby crushing, mangling and killing him, the said Bartholomew White.

The second count charges substantially the same facts. The third count laid a cause of action against John Orman, and John Orman, Jr., proprietors of said rock quarry, but the suit was afterwards dis

missed as to these parties and no further notice need be taken of the third count. Defendant company interposed a demurrer to this declaration assigning three grounds, · viz.:

First. Plaintiff fails to aver in either of said counts any facts out of which arises any legal duty from this defendant to deceased.

Second. The plaintiff fails to show in either of said counts that deceased was an employe of defendant, or a passenger upon its cars, or that he occupied any other relation to this defendant by which any legal duty to the deceased was imposed upon· the defendant, a violation of which was the proximate cause of his death.

Third. Neither of said counts shows that a violation of any legal duty which' this defendant owed to the deceased was the proximate cause of his death.

The crucial test of the declaration made by the demurrer is, that it fails to show that the company owed the deceased any duty which it breached, and which may be made the foundation of an action. It is not stated therein whether the deceased was an employe, a passenger, or person lawfully upon the track, or a mere trespasser. If deceased was a trespasser, the company owed him no such duty as to render it liable for the mistake or negligence of its employes. The only duty which a railroad owes to a trespasser upon its train, not used for transporting passengers, is to refrain from wantonly, wil-

fully or intentionally injuring him. *R. R.* v. *Meach-em*, 91 Tenn., 428. So, the liability of a railroad for injuries to a passenger, is determined upon different principles from those which are administered in fixing its liability to an employe. It is apparent, therefore, that defendant company could not, from the face of this declaration, know how to defend. The rule is well established that the declaration must allege facts showing or implying a duty owing to plaintiff by defendant. *Ensley Ry. Co.* v. *Chemung*, 93 Ala., 24; 100 Ind., 221; 46 Md., 193; 39 Mich., 714; 89 Mich., 387; 77 Mich., 136; 108 N. Y., 205; 43 W. Va., 661.

It is also well settled by the authorities that it is not sufficient to charge generally that it was the defendant's duty to do the things alleged to have been omitted; the facts or circumstances from which the law will imply the duty should be stated. *Lee Drake and Wife* v. *Hagan, Mss.*, Nashville, Tenn., December Term, 1901. In *Ensley Ry. Co.* v. *Chemung*, 93 Ala., 24, it was held that in an action to recover damages for personal injuries, a general averment of negligence is sufficient, without defining the *quo modo*, or specifying the particular acts of diligence omitted, where simple negilgence nstitutes a cause of action, as where the person injured was a passenger; but where the complaint does not show whether he was a passenger, an employe or a mere trespasser, it will be presumed he was a trespasser, who can only recover for injuries

caused by reckless, wanton or intentional negligence, and such negligence must be alleged, or must be shown by the facts stated. So, in *Evansville & Terre Haute R. R.* v. *Griffin*, 100 Ind., 222, it was held that before it can be affirmed, that defendant was negligent with respect to the transaction concerning which the omission is imputed to it as wrongful, it must appear that it was under some legal duty or obligation to the plaintiff, at the time and place where the injury occurred which was left undischarged. If it is liable at all, this is the foundation upon which its liability rests. *Splittory* v. *State*, 109 N. Y., 206.

We think these principles are conclusive of this case. When the insufficiency of the declaration was pointed out by the demurrer, counsel for plaintiff declined to amend and the inference is, therefore, reasonable that the cause of action was in favor of a trespasser or other person to whom the company owed no duty, except not wantonly or wilfully to injure him.

The result is, the judgment is affirmed.