ELLEN DAVIS *v.* CAM-WYMAN LUMBER CO.[*]

(*Knoxville.* September Term, 1912.)

1. EMPLOYER OF INDEPENDENT CONTRACTOR. Not liable for injuries resulting from negligence of contractor or his servants, when.

The employer of an independent contractor is not liable for the negligence of the contractor or his servants resulting in injuries to third persons or the contractor's employees, if the contractor be a proper person, and the work be not unlawful, or a nuisance in itself, or necessarily attended with danger, with the probable qualification that where the employer of a contractor is subject to an absolute duty to do or not to do certain things with reference to the work and the premises, such duty is nondelegable to the contractor, so as to relieve

---

[*]For general rule as to absence of liability of employer for acts of independent contractor, see note in 65 L. R. A., 622.

As to liability when injuries result from nonperformance of absolute duties of employer, see note in 66 L. R. A., 120.

Where employer's own act is a proximate cause of injury, see note in 66 L. R. A., 941.

Where injury is direct result of work contracted for, see note in 65 L. R. A., 742.

When work is dangerous unless certain precautions are observed, see note in 65 L. R. A., 833.

As to constitutionality of statute making owner personally liable to employees of building contractors because of noncompliance with provisions for their protection, see note in 39 L. R. A. (N. S.), 868.

As to whether a statutory duty of employer to guard place or machinery is owing to employees of contractor, see note in 36 L. R. A. (N. S.), 269.

On the question of liability of master to servant for failure to provide independent contractor with safe appliances, see note in 1 L. R. A. (N. S.), 283.

Davis v. Lumber Co.

the employer of liability for injuries caused by its nonfulfillment. (*Post, pp.* 579, 583-586.)

Cases cited and approved: Powell v. Construction Co., 88 Tenn., 693; Rush v. Steinman, 1 Bos. & P., 404; Laugher v. Pointer (1826), 4 L. J. K. B., 309; Quarman v. Burnett (1840), 6 Mees. & W., 499; Hilliard v. Richardson, 3 Gray (Mass.), 349; Bibb v. Railroad, 87 Va., 711; Cincinnati v. Stone, 5 Ohio St., 38; Hilsdorf v. St. Louis, 45 Mo., 94; Salliotte v. Bridge Co., 58 C. C. A., 466; Thomas v. Harrington, 72 N. H., 45; Jacobs v. Fuller, 67 Ohio St., 70; Anderson v. Fleming, 160 Ind., 597; Railroad v. Tow, 23 Ky. Law Rep., 408.

Cases cited and distinguished: Baker v. Railroad, 106 Tenn., 490; White v. Railroad, 108 Tenn., 739.

2. SAME. Same. Declaration showing employer's nonliability for negligence of his independent contractor or employees.

Where the plaintiff alleged that defendant's independent contractor was, at the time plaintiff's intestate was injured, carrying out a contract with defendant to cut and deliver logs to defendant along its tramroad, and that said contractor had erected houses where his employees camped while working, and, having about completed the work at that point, directed his employees to tear down the camp and load it on one of defendant's cars left there for that purpose; that defendant furnished a car for said lumber, and gave permission to his said contractor or his employees to convey it to the new camp; and that plaintiff's intestate, while in said contractor's employ, and while on said car in the line of his duty, and obeying the orders of said contractor (his employer), was, by reason of defendant's negligence in furnishing to said contractor and his employees a car which was unsafe and defective, thrown from the car and killed, it was *held* that the plaintiff did not sufficiently allege that defendant owed a duty to his said contractor to furnish the car, or any duty to plaintiff's intestate to inspect it before it was so furnished, but merely that the car was furnished for the accommodation of the contractor and his employees, in preparing to perform the contract, and not in the performance of the con-

126 Tenn. 37

tract, so that defendant was not chargeable with its contractor's negligence, if any, in allowing plaintiff's intestate to use the defective car. (*Post, pp.* 579, 580, 586, 587.)

Case cited and approved: Bush v. Grant, 22 Ky. Law Rep., 1766.

3. **SAME. Same. Same. Liable for injuries to servant of contractor resulting from defective appliance furnished under contract, but not if furnished as an accommodation, when.**

Where the employer agrees with an independent contractor to furnish appliances necessary to perform the contract, he will be liable to a servant of the contractor for injuries resulting from his not providing proper appliances, but he will not be so liable where appliances are furnished as an accommodation, and not in fulfillment of any contract obligation, especially where it is not alleged that he knew of the defect or ought to have known it, upon the exercise of due care. (*Post, pp.* 587, 588.)

Cases cited and approved: McCall v. Pacific M. S. S. Co., 123 Cal., 42; Sullivan v. Gas & Light Co., 190 Mass., 288; Jacobs v. Fuller, 67 Ohio St., 70; King v. Railroad, 66 N. Y., 187; Bush v. Grant, 22 Ky. Law Rep., 1766.

---

FROM SULLIVAN.

---

Appeal from the Law Court of Sullivan county to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—DANA HARMON, Circuit Judge.

HARR & BURROW, for plaintiff.

H. G. PETERS and PHLEGAR, POWELL, PRICE & SHELTON, for defendant.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

Plaintiff brought this suit in the court below to recover damages of the defendant for the wrongful death of her husband while in the employ of one Jones, an independent contractor of the defendant. There was a verdict and judgment for $500, which the court of civil appeals reversed, and dismissed the suit. The questions presented in this court upon the petition of Mrs. Davis for writs of *certiorari* arise solely upon the amended declaration and the demurrers thereto. The amended declaration is as follows:

"And plaintiff further avers, in addition to the matters set out in her original declaration, that at the time and place aforesaid one W. H. Jones was carrying out a contract he had with the defendant. Cam-Wyman Lumber Company, to cut and haul logs and to deliver them to said company along its tram railroad. In the performance of his part of said contract the said W. H. Jones erected cheap plank or frame houses where his employees camped or stayed while engaged in their work; and, having almost completed his work at this point, the said Jones directed his employees to tear down the lumber camp and load it on one of the cars of defendant, Cam-Wyman Lumber Company (left there for that purpose), so that the lumber could be conveyed down defendant's track about two miles, where another camp was to be erected. And plaintiff avers that defendant furnished a car for said lumber and gave permission to said Jones, or his employees, to convey said

car by gravity, it being all the way down grade, to the place near which the new camp was to be erected.

"And plaintiff's said husband, while in the employ of said W. H. Jones, and while on said car in the line of his duty, and while obeying the orders of said Jones and his immediate superior, whose orders it was his duty to obey, and while expediting the business of his employer, was, by reason of the negligence of the defendant in furnishing to said Jones and .his employees a car that was unsafe and defective, the brakes thereon being out of repair and insufficient to hold said car and prevent its running away, thrown from said runaway car, and was killed as aforesaid."

The defendant demurred upon the following grounds:

"(b) Because there is no averment showing any contractual relation between this defendant and the intestate, or showing that this defendant owed him any duty whatever; and

"(c) Because the averment that this demurrant furnished a defective car to Jones, unsupported by any other averment showing an obligation to furnish a car not defective, is not sufficient to show that an employee of Jones has a right of action against this defendant for injuries received by reason of furnishing a defective car."

The court of civil appeals sustained the demurrer and dismissed the suit, and in so doing that court said:

"The second count does not allege that the car was furnished to the deceased, or that there was any contractual relations between the defendant and the de-

ceased, or that the defendant owed the deceased any obligation or duty whatever with respect to said car. It is not even averred in said second count that any obligation or duty rested upon the defendant to furnish Jones a car that was not defective. And in the absence of these material averments we are of opinion that the second count does not aver a sufficient cause of action against the defendant in favor of the plaintiff. Said count should have averred or disclosed some duty or obligation from the defendant to the deceased. *White* v. *Railroad,* 108 Tenn., 739 [70 S. W., 1030]; *Baker* v. *Railroad,* 106 Tenn., 490 [61 S. W., 1029, 53 L. R. A., 474]."

It will be observed that the court of civil appeals was of opinion that the amended declaration was fatally defective because of the absence of averments that the car was furnished to the deceased, or that there was any contract relation between defendant and deceased, and that the averment in the declaration failed to show that the defendant owed the deceased any duty whatever. In addition, that court was of opinion that it was necessary for plaintiff to aver that an obligation rested upon the defendant to furnish a suitable car to Jones, the deceased's employer, and that the facts averred failed to show such duty.

The cases cited by that court are *White* v. *Railroad,* 108 Tenn., 739, 70 S. W., 1030, and *Baker* v. *Railroad,* 106 Tenn., 490, 61 S. W., 1029, 53 L. R. A., 474. They do not determine the questions presented in this case. *White* v. *Railroad* determined that a failure to aver the

relationship existing between the plaintiff and the defendant was a fatal defect in the declaration, when it appeared that the relationship between them may have been one that would not cast any duty, upon the defendant toward the plaintiff. The plaintiff sought to recover of a railroad company for the killing of his intestate by the falling of a coach from a negligently constructed or kept track, and failed to aver whether the deceased was a passenger, employee, or a mere trespasser. No case was stated in the declaration, for the reason that, if the deceased was a trespasser merely, the defendant owed him no duty, except not to willfully injure him.

*Baker* v. *Railroad* was an action brought by an employee of an independent contractor, the ice company, to recover damages of the railroad company for injuries which the plaintiff received in an effort to ice a refrigerator car owned by the defendant in pursuance of a contract existing between it and the ice company. The roof of the car was covered with snow and ice, and the plaintiff fell from the top of the car while in the act of hoisting ice by hand which was to be put into the car. The declaration failed to aver that the defendant had agreed to furnish any particular appliances or machinery for the accommodation of the workmen of the ice company in hoisting the ice into the top of the car, and plaintiff's injuries were not caused by any defect in the construction or maintenance of the appliances used in icing the car. The court placed the case upon the ground that the declaration failed to show that the de-

fendant had agreed to do anything for the benefit of the contractor's servants.

Hence, the cases cited by the court of civil appeals are plainly distinguishable from the case in hand, because the declaration under consideration does show that the deceased was rightfully upon the premises, that the defendant furnished the defective car, and that the car was being used by the contractor in and about the business of the contract. The question presented is whether the defendant, upon the foregoing averments, owed a duty to the servant of its independent contractor when it agreed and undertook to furnish a car to be used by the contractor's servants in and about the operations covered by the contract of the defendant and the contractor.

It cannot be doubted that the deceased was rightfully upon the premises and engaged in his master's work with the defective car furnished by the defendant for that purpose.

It was well settled in *Powell* v. *Construction Co.*, 88 Tenn., 693, 13 S. W., 691, 17 Am. St. Rep., 925, that the employer of an independent contractor, if he be a fit and proper person, and the work be not in itself unlawful, or a nuisance in itself, or necessarily attended with danger to others, will not be responsible for the negligence of the contractor or his servants for injuries to third persons. This rule is based upon the principle that a person is not liable for the acts or negligence of another, unless the relation of master and servant or principal and agent exist between them.

The rule itself, however, as may be gather from the efforts of the various courts to state it, has important exceptions and qualifications. The doctrine that the owner of premises could interpose his contract between himself and liability for the negligence of an independent contractor or his servants is of comparatively recent origin. It was held in England as late as 1799 in the case of *Bush* v. *Steinman*, 1 Bos. & P., 404, that the owner of premises was liable for the negligence of an independent contractor and his servants, though the court did not undertake to formulate any principle of the law to support the holding. Later cases of the English courts seem to undertsand that *Bush* v. *Steinman* could be supported upon the ground that the owner of the premises is liable where the injury was done in or near and in respect of his property in possession at the time. *Laugher* v. *Pointer* (1826), 4 L. J. K. B., 309. From that case and the later case of *Quarman* v. *Burnett* (1840), 6 Mees. & W., 499, 9 L. J. Exch. N. S., 308, 4 Jur., 969, a distinction arose with respect to the work being done by the contractor on the premises of the owner and with relation to his real estate and contracts in respect of personal property; the full doctrine of independent contractor, as now understood, being applied by the court in cases where injury arose from the negligent employment of personal property by the contractor in the performance of his contract. This distinction was recognized by a number of American courts. *Hilliard* v. *Richardson*, 3 Gray (Mass.), 349, 63 Am. Dec., 743. But the distinction is no longer observed in any

of the later cases, English or American. It may be now generally stated as a correct proposition of law that an employer is not liable for an injury resulting from the performance of work given over by him to an independent contractor, unless the work was unlawful in itself, or the injury was a necessary consequence of executing the work in the manner provided for in the contract, or subsequently prescribed by the employer, or was caused by the violation of some absolute nondelegable duty which the employer was bound at his peril to discharge, or was due to some specific act of negligence on the part of the employer himself. *Bibb* v. *Norfolk & W. R. Co.,* 87 Va., 711, 14 S. E., 163; *Cincinnati* v. *Stone,* 5 Ohio St., 38; *Hilsdorf* v. *St. Louis,* 45 Mo., 94, 100 Am. Dec., 352. It is believed, however, that an examination of the recent American cases dealing with the subject will disclose a decided tendency upon the part of the courts to circumscribe the area within which the general rule is to operate, and to apply the principle that, where the contractee is subject to an absolute duty to do or not to do certain things with reference to the work and the premises, such duty is nondelegable to the contractor, so as to relieve the contractee of liability for injuries caused by its nonfulfillment. Perhaps no particular case can be cited which states all of the qualifications to the general rule herein observed, but a number of cases recognizing exceptions from which the general statement may be derived can be found. See *Salliotte* v. *King Bridge Co.,* 122 Fed., 378, 58 C. C. A., 466, 65 L. R. A., 620; *Thomas* v. *Harrington,* 72 N. H., 45, 54 Atl.

285, 65 L. R. A., 742; *Jacobs* v. *Fuller,* 67 Ohio St., 70, 65 N. E., 617; 65 L. R. A., 833; *Anderson* v. *Flemming,* 160 Ind., 597, 67 N. E., 443, 66 L. R. A., 119'; *L. & N. R. Co.* v. *Tow,* 63 S. W., 27, 23 Ky. Law Rep., 408, 66 L. R. A., 941, and the very full and exhaustive notes to each of the cases. These notes, together with the comments of the author, furnish a clue to the cases which clearly establish the exceptions to the rule stated.

The declaration fairly shows that Jones was an independent contractor, that the deceased was an employee of Jones, and that the work in hand at the time of the death of the deceased was covered by the contract between Jones and the defendant. The declaration does not state whether the alleged defective car was furnished to Jones by the defendant for compensation, or as a mere accommodation to Jones, nor does it show how long the alleged defect had existed in the car, nor does it aver that the defendant knew of the defect at the time he furnished the car to Jones, or that by due care he should have known it. Upon these averments alone we cannot say that the defendant owed a duty to Jones to furnish the car, or that it owed a duty to the deceased to inspect the car before it was furnished. Nor does it appear that the defendant failed to ispect the car, or that the defect had existed for such length of time that the defendant would be held in law to have known of it before he furnished it to Jones. It does appear that the car was defective at the time it was delivered to Jones for the use of himself and his employees in moving the lumber. While the declaration shows that the

employment of the car upon this particular tramroad was a dangerous operation, it does not show that the use of the car in the way stated was within the contemplation of the parties, either at the time defendant let the contract to Jones, or at the time Jones employed the deceased. It not appearing that the defendant owed any duty to furnish the car to Jones, or to the deceased, the negligence of Jones in allowing the deceased to use the defective car is not imputable to the defendant. So far as the relationship between defendant and Jones, by virtue of the contract for cutting and delivering the timber along the tramroad of defendant, is concerned, the negligence of Jones in using the car was casual and collateral to the obligation of the contract. The work being done at the time of the accident was preparatory merely to a further performance of the contract between Jones and the defendant, so it cannot be fairly said that the defendant furnished a defective car for the use of the employees of the contractor in the performance of the contract. A just inference from the relationship of the parties, together with the circumstances surrounding the injury and the nature of the work in hand, is that defendant furnished the car alleged to be defective for the accommodation of Jones and his employees. *Bush v. Grant*, 61 S. W., 363, 22 Ky. Law Rep., 1766.

It is not shown to have been a part of the contract between Jones and defendant that defendant was to furnish any part of the implements for the use of Jones in the performance of the work included in the contract. *King v. N. Y. C. & H. R. Co.*, 66 N. Y., 187, 23 Am. Rep.,

37. Where the owner agrees with the contractor to furnish the appliances necessary for the performance of the contract, it is generally held that the owner is liable to any servant of the contractor for injury resulting from a failure of the owner in not providing proper appliances. Some of the cases place the liability of the owner upon the ground that he owes a nondelegable duty to the servants of the contractor assumed by him when he agreed to furnish the appliances (*McCall* v. *Pacific M. S. S. Co.,* 123 Cal., 42, 55 Pac., 706; *Sullivan* v. *New Bedford Gas & Edison Light Co.,* 190 Mass., 288, 76 N. E., 1048); while other cases place the liability upon the ground that the owner, jointly with the contractor, commits the tort (*Jacobs* v. *Fuller,* 67 Ohio St., 70, 65 N. E., 617, 65 L. R. A., 833; Bailey on Personal Injuries, vol. 1, p. 130). But, whatever the reason of the rule may be, we conceive it to be a just and fair one.

We have found no case holding that the contractee is liable to the servant of the contractor for using an appliance belonging to the contractee which had been furnished to the contractor, not as a fulfillment of any obligation of the contract, but merely for the accommodation of the contractor. In such a case, the duty of inspection and repair is upon the contractor. This is especially true, in the absence of any averment that the contractee knew of the defect, or upon the exercise of due care should have known it. *Bush v. Grant,* supra.

Affirmed.