SNYDER, Respondent, vs. OAKDALE CO-OPERATIVE ELECTRICAL ASSOCIATION, Appellant.

*March 10—April 5, 1955.*

For the appellant there was a brief by *Maloney & Wheeler* of Madison, and oral argument by *Norris E. Maloney*.

For the respondent there was a brief by *Seering & Newcomb* of Reedsburg, and oral argument by *Paul M. Newcomb*.

MARTIN, J.  The rule is well established that a company furnishing electric power for use in a private wiring system is not under obligation to inspect such system before supplying the current nor is it obligated to respond in damages for injuries sustained by reason of the defective condition of such system "unless it supplies current actually knowing of these conditions and the current is the cause of the injuries sued for, in which case it is the energizing of the line with knowledge of the conditions and not the conditions themselves which forms the basis of liability." *Oesterreich v. Claas* (1941), 237 Wis. 343, 349, 295 N. W. 766, 134 A. L. R. 499; 18 Am. Jur., Electricity, p. 498, sec. 102; 29 C. J. S., Electricity, p. 611 *et seq.,* sec. 57.

Defendant's liability depends upon whether it had actual knowledge of a probable defect in the wiring system. Lyddy's notice of defects was filed with the company in August of 1946, sometime after Reimer's original affidavit of wiring. Could defendant rely on the affidavit and proceed with the hookup disregarding the notice of defects? Would it not be reasonable to conclude that the notice of defects which was still in the file in August, 1947, was sufficient notice that a possible defect still existed? Defendant's employees were

aware of the notice before they went out to hook up the power. When they found that one of the defects had been corrected were they justified in assuming that the others had also been taken care of? Whether, under all the circumstances, their acts constituted negligence is a question of fact for a jury.

It is true that the plaintiff, who owned and controlled the wiring system and whose duty it was to maintain it in a safe condition, had received the same notice of defects in 1946. The fact that he instructed Reimer to remedy the situation but apparently neglected to ascertain whether the defects had in fact been corrected before he reapplied to the defendant for power, presents a jury question as to negligence on his part. As stated by the trial court:

"This act upon the part of Snyder may well constitute contributory negligence, especially in view of the rule that it was his obligation to provide safe facilities. It is further possible that his contributory negligence might be sufficiently great so as to prevent a recovery under our comparative-negligence law. The court cannot conclude as a matter of law that his negligence was greater than that of Oakdale under the facts as they now appear upon this motion. The question of comparison of negligence, if such arises under the given facts, must be determined by the jury."

In our opinion the pleadings present issues of fact as to the possible negligence of both parties to the action and we have many times held that such a case is not a proper one for summary judgment. *Holzschuh v. Webster* (1945), 246 Wis. 423, 17 N. W. (2d) 553; *McKenzie v. Clear Lake Union F. H. S. Dist.* (1948), 252 Wis. 327, 31 N. W. (2d) 526, and cases cited therein.

*By the Court.*—Order affirmed.