Transportation Insurance Co. et al., Apellants, *v.*
Clark et al., Appellees.

(No. 5527—Decided May 14, 1962.)

*Mr. John G. Rust* and *Mr. Edward Zoltanski*, for appellants.

*Messrs. Fuller, Harrington, Seney & Henry* and *Mr. Thomas L. Dalrymple*, for appellee The Toledo Edison Company.

*Mr. Charles J. Cole*, for appellee I-T-E Circuit Breaker Company.

FESS, J. This is an appeal on questions of law from a judgment sustaining demurrers to the third amended petition on behalf of the defendant The Toledo Edison Company and the defendant I-T-E Circuit Breaker Company, and dismissing the action as to such defendants.

The action is brought against the defendant Clark and the corporate defendants to recover upon a subrogation claim for property damage allegedly resulting from negligent acts of the several defendants resulting in a fire and consequent damage.

The question presented for determination upon this appeal, as against The Toledo Edison Company, is the liability of such company supplying current to a recently constructed residence for allegedly defective wiring in such premises installed by an electrical contractor resulting in a short circuit and consequent fire resulting in damages to the premises. In its third amended petition, after specifying the alleged defects in the wiring of the premises, plaintiff alleges that the current was brought to the premises by the defendant Edison Company having knowledge of such defects.

The duty and responsibility of a company generating and distributing electricity is generally held to be limited to making a proper connection and delivering the current to the purchaser's wires and appliances in a manner which, so far as such delivery is concerned, protects life and property, and there is no duty of inspection to see that the purchaser's wires and appliances are in a safe condition and kept so. Accordingly, where wiring or other electrical appliances on private premises are owned and controlled by the owner or occupant of such premises, a company which merely furnishes electricity is not responsible for the insulation or condition of such wiring or appliances and is not liable for injuries caused by their defective condition to the owner. 29 Corpus Juris Secundum, 611, Section 57. And it is generally held that where electric wires or other appliances which have caused injury are not owned or controlled by the company furnishing the power, such company is not liable for the damage sustained. The company furnishing the current is not bound to inspect such lines, wires, and appliances to discover defects in insulation or other dangerous conditions. Therefore, unless the current is supplied with act-

ual knowledge of defective conditions, responsibility ends when connection is properly made under proper conditions and it delivers the current in a manner which will protect both life and property. 18 American Jurisprudence, 498, Section 102.

While the weight of authority supports the foregoing rules, there are cases holding that it is the duty of the supplier of electricity to see that the wires and appliances of the customer are in proper condition safely to receive it, where the company has the right of access for the purpose of inspection at all times. 29 Corpus Juris Secundum, 612, Section 57. However, regardless of the foregoing rule, knowledge of the defective and dangerous condition of a customer's appliances will charge the supplier of electricity with liability for consequences, where current is thereafter supplied to such defective and dangerous appliances, in which case it is the energizing of the line with knowledge of the conditions, and not the conditions themselves, which forms the basis of liability. 29 Corpus Juris Secundum, 612, 613, Section 57. See, also, 134 A. L. R., 507, 508; *Smith's Admx.* v. *Middlesboro Electric Co.* (1915), 164 Ky., 46, 174 S. W., 773; *Tennessee Electric Power Co.* v. *Sims* (1937), 21 Tenn. App., 233, 108 S. W. (2d), 801; *Milligan* v. *Georgia Power Co.* (1942), 68 Ga. App., 269, 22 S. E. (2d), 662; *Dabbs* v. *Tennessee Valley Authority* (1952), 194 Tenn., 185, 250 S. W. (2d), 67; *Snyder* v. *Oakdale Co-op. Electrical Assn.* (1955), 269 Wis., 531, 69 N. W. (2d), 563; *Russell* v. *City of Idaho Falls* (1956), 78 Idaho, 466, 481, 305 P. (2d), 740; *Hughes* v. *Louisiana Power & Light Co.* (La. App., 1956), 94 So. (2d), 532; *Reichholdt* v. *Union Electric Co.* (Mo., 1959), 329 S. W. (2d), 634; *City of Decatur* v. *Parham* (1959), 268 Ala., 585, 109 So. (2d), 692. Cf. *Miller* v. *Gas Service Co.* (1942), 155 Kan., 829, 130 P. (2d), 547, 550; *Fitzpatrick* v. *Public Service Co.* (1957), 101 N. H., 35, 131 A. (2d), 634.

The petition fails to state whether the current was switched on after the conduits and meters were installed by the Edison Company, or other persons such as the owner or contractor. However, the petition alleges that the defendant, in connecting its current to the premises, knew of the defective wiring which could reasonably have been expected to cause the short circuit and resulting fire. Therefore, in compliance with the rule that, for the purposes of testing the legal sufficiency of a pleading, a demurrer admits not only the proper and well-pleaded factual

allegations thereof, but also the fair, reasonable and favorable intendments and inferences arising therefrom (*Guardian Life Ins. Co. of America* v. *Veser* [1934], 128 Ohio St., 200), the judgment as to the defendant Toledo Edison Company must be reversed and the cause remanded for further proceedings.

The third amended petition also alleges, in substance, that the Edison Company, in connecting its electrical current, failed to comply with the provisions of Article 1120 of the National Electrical Code in failing to make the test therein provided. Whether the alleged requirements of such code would be competent evidence concerning the responsibility of the Edison Company under the circumstances presented by the evidence and the facts and conditions relating to the adoption of such code (which are not set forth in the pleading) as applicable to such circumstances, we do not determine upon this appeal.

As to defendant I-T-E Circuit Breaker Company, we agree with the conclusion of the trial court that the petition fails to state a cause of action against such defendant and, as to it, the judgment should be affirmed.

The judgment as to defendant I-T-E Circuit Breaker Company is affirmed, and the judgment as to the defendant The Toledo Edison Company is reversed, and the cause is remanded to the Common Pleas Court for further proceedings according to law.

*Judgment accordingly.*

SMITH and DEEDS, JJ., concur.