AFG INDUSTRIES, INC., Plaintiff,

v.

HOLSTON ELECTRIC COOPERATIVE, et al., Defendants.

No. CIV-2-81-262.

United States District Court, E.D. Tennessee, Northeastern Division.

May 24, 1982.

Edwin L. Treadway and William C. Bovender, Kingsport, Tenn., for plaintiff.

Richard C. Jessee, Morristown, Tenn., for defendant Holston Electric Cooperative.

Herbert S. Sanger, Jr., Gen. Counsel, Justin M. Schwamm, Sr., Asst. Gen. Counsel, Melvin L. Harper, D. Mark Hastings,

TVA, Knoxville, Tenn., for defendant Tennessee Valley Authority.

## MEMORANDA OPINIONS AND ORDERS

NEESE, District Judge.

This is a civil action brought by the plaintiff AFG Industries, Inc. (AFG) against the Tennessee Valley Authority (TVA) and Holston Electric Cooperative (Holston), a cooperative-distributor of TVA electricity. 28 U.S.C. §§ 1331(a), 1337; see 16 U.S.C. § 831c(b). AFG, an industrial consumer of TVA electrical power, which is distributed by Holston, seeks damages and other relief from TVA for its alleged negligence in maintaining a wooden cross-arm on a utility pole. It is contended that such negligence proximately caused two interruptions (of approximately one hour's duration each) in electric service to the plaintiff's plant.

### I

A magistrate recommended that the motion of TVA, for a dismissal of the plaintiff's negligence claim for its failure to state a claim upon which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure, be granted. 28 U.S.C. § 636(b)(1)(B). AFG objected to such recommendation, and a de novo determination was made of such motion. Idem.

" * * * There is of course, a difference between an action in contract and one in tort. * * * " Becker v. Celebration, Inc., C.A. 6th (1976), 541 F.2d 156, 159. The complaint herein asserts against TVA an action in tort, that tort being negligence. As the magistrate recognized, it is settled law that

* * * the theory of all negligence cases is that the defendant has violated some legal duty he owed plaintiff. So, where

such duty does not exist, however unfortunate the injured may be, and free from negligence [himself], yet he must alone bear the consequences; he cannot impose them upon one under no obligation in law towards him, save not to inflict, directly or indirectly, wanton injury upon him.

\* \* \* \* \* \*

Williams v. Nashville (1901), 106 Tenn. 533, 538, 63 S.W. 231, 233; accord: Warehouse & Cold Storage Co. v. Anderson (1919), 141 Tenn. 288, 296, 210 S.W. 153.

The essence of the tort of negligence, then, is the existence of some legal duty owed by a defendant to a plaintiff, Evens v. Young (1954), 196 Tenn. 118, 264 S.W.2d 577, 581[4]; and, in the absence of such a duty, there can be no liability for negligence,[1] Dabbs v. Tennessee Valley Authority (1952), 194 Tenn. 185, 250 S.W.2d 67, 69[6]. " * * * This term 'legal duty' is defined as 'that which the law requires to be done or forborne to a determinate person, or to the public at large, and as a correlative to a right vested in such determinate person or the public at large.' * * * " Ibid., 250 S.W.2d at 69–70[7], quoting from Wharton, Negligence (2d ed.), § 24.

■ This Court is not cited to, nor has its research disclosed, any statute, regulation or case authority imposing on TVA any legal duty to supply uninterrupted electrical service to its customers (whether residential or commercial),[2] or to exercise any degree of care to avoid brief interruptions in such service such as those involved herein. The imposition of such a duty on TVA by this Court would not be proper since, in marketing electricity, TVA is disposing of property of the United States which is a function vested by the Constitution in the Congress, not the judiciary.[3] Mobil Oil Corporation v.

---

1. See New York Central R. Co. v. White (1917), 243 U.S. 188, 198, 37 S.Ct. 247, 250, 61 L.Ed. 667, 672 (negligence is the disregard of some duty imposed by law) and Chesapeake & O.R. Co. v. Mihas (1929), 280 U.S. 102, 106, 50 S.Ct. 42, 43, 74 L.Ed. 207, 211 (headnote 3) (plaintiff must show a breach of a duty owing to him).

2. Of course, TVA's sale of electricity to industrial customers, such as AFG, is only " * * * a secondary purpose, to be utilized principally to

secure a sufficiently high load factor and revenue returns which will permit domestic and rural use at the lowest possible rates and in such manner as to encourage increased domestic and rural use of electricity. * * * " 16 U.S.C. § 831j.

3. Furthermore, the ability of this Court to "write its own law" so as to impose such a duty is greatly restricted. " * * * Although it is much too late to deny that there is a signifi-

*Tennessee Valley Authority,* D.C.Ala. (1974), 387 F.Supp. 498, 507[6], n. 22.

The plaintiff has failed to state a claim against TVA upon which any relief could be granted because of any negligence by it. Accordingly, the recommendation of the magistrate hereby is ACCEPTED, 28 U.S.C. § 636(b)(1); the motion of TVA hereby is GRANTED; and, as to the plaintiff's negligence claim against such defendant, this action hereby is

DISMISSED.

## II

The plaintiff seeks leave of the Court to amend its complaint, so as to allege claims sounding in contract.[4] Specifically, AFG asserts, in its proposed amendment, a claim that TVA breached some sort of an implied, hybrid or special contract which existed by operation of law due to the relationship between AFG and TVA.

Alternatively, by the proposed amendment, AFG contends it was a third-party beneficiary of the contracts between TVA and Holston and alleges a breach of one or more of those contracts. TVA opposes the allowance of those amendments on the ground that they are not sufficient to state a claim upon which any relief could be granted against it herein.

TVA has good cause to question the sufficiency of the plaintiff's proposed claims: it would appear that AFG is asking the Court to create a contract for the parties where none exists. As to the real contracts between TVA and Holston, the plaintiff seeks the best of all possible worlds: it would take full advantage of any benefits it might receive under those contracts but asks the Court to excuse it from suffering the detriments imposed by the plain exculpatory language thereof.

Despite the liberal amendment policies underlying Rule 15(a), Federal Rules of Civil Procedure, " * * * [i]t is well settled that the district court may deny a motion for leave to amend a complaint if such complaint, as amended, could not withstand a motion to dismiss. * * * " *Neighborhood Develop. Corp. v. Advisory Coun.,* C.A. 6th (1980), 632 F.2d 21, 23[1]. It is equally well settled that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Scheuer v. Rhodes* (1974), 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96[5].

■ This Court is unable to say at this early stage of these proceedings that, beyond doubt, the plaintiff could prove no set of facts in support of its proposed claims which would entitle it to some relief against TVA; the question of whether AFG is entitled to proceed to trial on these new claims can best be determined once the details of those claims are made to appear through discovery or otherwise.

In other words, this Court is of the opinion that the arguments offered by TVA, in opposition to the request for leave to amend the complaint, can be considered best in the

---

cant body of federal law that has been fashioned by the federal judiciary in the common-law tradition, it remains true that federal courts, unlike their state counterparts, are courts of limited jurisdiction that have not been vested with open-ended lawmaking powers. * * * " *Northwest Airlines v. Transport Workers* (1981), 451 U.S. 77, 95, 101 S.Ct. 1571, 1582, 67 L.Ed.2d 750, 765[10]; the federal lawmaking power is vested in the legislative, not the judicial, branch of government. *Idem.* Even where state law is applicable, federal courts must apply that law, as pronounced by that state's highest court, and they are not at liberty to permit a recovery under a theory which has not been recognized by the state. *See Becker v. Celebration, Inc., supra,* 541 F.2d

at 158[3]; should it appear that state law needs to be expanded or changed, it is not the function of a federal court so to do. *See Troutman v. State Farm Fire & Cas. Co.,* C.A. 6th (1978), 570 F.2d 658, 658–659.

4. The plaintiff speaks, to some degree, of a negligent breach of contract by TVA. That doctrine of tort law has no application in a breach of contract action; it matters not whether any breach of contract occurred intentionally, negligently or fraudulently. *See Becker v. Celebration, Inc., supra,* 541 F.2d at 158[3]. The question is whether TVA breached any contract, and its motive or reason for so doing is immaterial. *Idem.*

**36**

context of motions to dismiss or for summary judgment after both parties have had an ample opportunity to brief the legal issues implicated. *See WIXT Television, Inc. v. Meredith Corp.,* D.C.N.Y. (1980), 506 F.Supp. 1003[4]. Accordingly, the motion of the plaintiff for leave to amend its complaint herein hereby is

GRANTED. Rule 15(a), *supra.*